Armistead and another *v.* Spring.    Jarvis and another *v.* Armistead and others.

ROBERT C. ARMISTEAD and another *v.* JAMES WALTON SPRING.

MATTHEW JARVIS and another *v.* ROBERT C. ARMISTEAD and others.

An entry in the books of a partnership, made at the time of the transaction, will be conclusive between the parties, unless shown to be erroneous. The partners were the mutual agents of each other, and such an entry must be regarded as an account rendered of the transaction.

Defendant sold to one of the plaintiffs his interest in a partnership, the latter taking his place in the house, and assuming the partnership debts, but not the private debts of either of the partners. In an action by the new house, against the retiring partner, for the amount of his private account with the old firm: *Held*, that the new partner taking the place of his vendor, can have no greater rights than the latter; that each of the original partners having a private account with the firm, the one necessarily extinguished the other *pro tanto*, and that the difference between the two, forms a balance due from one partner to the other, to be adjusted on the final settlement of the concern; and that, by the effect of the sale, the private account of the retiring partner, became that of his successor.

A claim which a party has failed to establish in a direct action, cannot be set up by way of exception in another.

ARMISTEAD and Otto have appealed, in the first of these cases, from a judgment of the Commercial Court, *Watts*, J., and in the second, from a judgment of the City Court of New Orleans, *Thomas J. Cooley*, J.

*G. Strawbridge*, for the appellants.

*Benjamin*, contra.

BULLARD, J. These two cases have been argued together, as the causes of action arise out of the same transaction. The facts are these. R. C. Armistead and J. W. Spring were partners in trade, and about the 1st of January, 1840, Spring sold to Jacob A. Otto, his share in the concern, and Otto became a partner of a new concern, under the firm of Armistead and Otto, successors of Armistead and Spring. In consideration of this transfer, Armistead and Otto gave sundry notes to Spring, and, among others, the one on which Jarvis and Andrews, as endorsers, sued in one of the cases now before the court; and Otto, thus becoming a partner in the place of Spring, bound himself to pay and satisfy all the outstanding debts and liabilities for which Spring was bound as a member of the firm, it

being expressly stipulated, that the parties were only bound to pay the partnership debts of Armistead and Spring, and not the private debts of either of the partners. The other suit is brought by Armistead and Otto, against Spring, the plaintiffs alleging that Spring was himself indebted to the partnership in the sum of $1050 35, the balance of his private account with the firm; and that in the month of May, 1839, he had received from Durand, of Mobile, $2,500 belonging to the firm, for which he had not accounted. They allege other dealings, and an indebtedness on the part of Spring, to the amount of $4,579 12.

The Commercial Court gave judgment in favor of Armistead and Otto, for a small amount paid for Spring since his assignment to Otto, and they have appealed.

In the other case, in the City Court, on one of the notes, Armistead and Otto set up in defence and reconvention the same matters which formed the basis of their direct action in the other case, to wit, the indebtedness of Spring on his private account; and this plea having been overruled, and judgment rendered in favor of the plaintiffs, the defendants, Armistead and Otto, have appealed.

The principal matter of contention in the first case, is an item of $2,500, for a lot of merchandize sent to Mobile, the proceeds of which, it is alleged, were received by Spring, previously to his transfer to Otto, but of which he has never rendered any satisfactory account; and for that amount, it is contended he is indebted to the plaintiffs. To this, it is replied, that if that amount was taken out, it was afterwards returned, as appears from an entry in the books, which balance, so far as that transaction is concerned; that although neither party can explain, at this time,. what disposition was made of the sum, it appears from the books, that it was employed for the benefit of the concern, and that the entry in the books is evidence between the parties. We are of opinion that the entry in the books, made at the time, is *prima facie* evidence in favor of the partner, who personally transacted the matter; and that unless error be shown, he cannot be charged with the amount as a private debt due to the firm. The presumption is clearly in his favor, and more especially as both parties had equally access to the books, and they appear to have been afterwards balanced. The parties, at the time, were the mutual agents

of each other, and the entry made in the books must be regarded in the light of an account renderd of the transaction; and although, at this time, neither party can recollect whether the proceeds of the Mobile adventure were reinvested in other goods, or converted into money and blended with other sums belonging to the firm, or employed in the payment of debts, it is not just to infer, that the entry in the books was false, without any further evidence, and that the money was converted to the separate use of the defendant.

Another sum claimed in this suit, is the private account of Spring with Armistead and Spring, while he was a partner. It is not easy to conceive how the plaintiffs can recover this item. Otto, the assignee, according to the contract, takes the place of Spring in the concern. As assignee, he can have no greater right than his assignor. His pretensions pass *cum onere*. The assignee takes his place relatively to his partner. What was that position? Each had a private account with his firm. The difference between the two accounts, would be a balance due by one partner to the other, to be adjusted on the final settlement of the concern. If the retiring partner can be sued for the amount of his private account, why is not the other partner liable for his? Or, in other words, why may not Spring plead in compensation, the debt due by Armistead to the concern at the time of his transfer? One account necessarily extinguishes the other *pro tanto*. By the effect of the assignment, the private account of Spring became that of Otto, to whom Armistead, at the same time, became indebted for his private account with the firm.

The same reasoning which applies to the item of $2,500, is equally applicable to that of the expenses of a journey to New York, which were originally charged to the firm as expenses; and nothing shows that it was erroneously charged, or that the expenses were to have been borne exclusively by Spring.

In the case of Jarvis and Andrews *v.* Armistead and others, it appears by a bill of exceptions, that the defendants offerred evidence to prove their claim set up in the answer, which it will be recollected, was the same that was sued for in the case of Armistead and Otto *v.* Spring, then pending. The evidence was refused, on the ground: 1st, that the claims were unliquidated and

could not be pleaded in compensation; 2d, that it was in controversy in another suit, wherein a judgment had been rendered adversely; and 3d, that the court was without jurisdiction.

The court, in our opinion, did not err in refusing to receive evidence on the second ground above stated. The defendants having failed in a direct action to establish the claim set up by them in this by way of exception, could not turn round and avail themselves of the same matter. The exception of *litis pendencia* was well sustained.

*Judgments affirmed.*