No. 13,853.

SUCCESSION OF JAYME MAGI.

SYLLABUS.

ON MOTION TO DISMISS.

Where, in an action for partition by licitation among heirs, it appears that the property which is the subject of the partition is valued at more than $2,000, and the only matter in dispute is as to the obligation of one of the heirs to collate a sum less than $2,000, and he appeals from a judgment ordering him to collate, the appeal is properly taken to this court, and will not be dismissed, since the jurisdiction is determined, under Article 85 of the Constitution, by the amount of the *"fund to be distributed, whatever may be the amount therein claimed."*

ON THE MERITS.

1. Books kept under the control and direction of a co-executor by a bookkeeper in the employ of the succession are admissible as a commencement of proof.
2. The preponderance of the testimony shows that the amount charged against the co-executor was correctly charged and that the amount was due.

APPEAL from the Civil District Court, Parish of Orleans.— *Sommerville, J.*

*Gustave V. Soniat,* for Widow Jayme Magi and for Widow Philibert Franchemer, Plaintiffs, Appellees.

*Henry Chiapella,* for Testamentary Executors of Fernand A. Magi, Defendants, Appellants.

*Charles J. Theard,* for S. V. Fonaris, Testamentary Executor of Succession of Jayme Magi, Defendant, Appellee.

*Louis P. Bryant,* for George Cassard, Dative Tutor of the Minors, Marietta and James Magi, Defendant, Appellees.

The Opinion, on Motion to Dismiss, was delivered by MONROE, J.

On the Merits was delivered by BREAUX, J.

ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

MONROE, J. The executor of Jayme Magi filed his final account from which it appeared that, after payment of all debts, there would

be a balance of property to be divided between Mrs. Josephine Magi, widow and legatee; Mrs. Marie Tranchemer, daughter; Marietta, and James, Magi, children of a predeceased son; and the succession of Fernand Magi, a son who survived the decedent and, dying subsequently, who is here represented by his executors. After the homologation of said account, Mrs. Magi and Mrs. Tranchemer filed a petition alleging that they desired a partition of said property, that they had received $300, and $210, respectively, and that Fernand Magi had received $1,811, and that said amounts should be collated, and praying for an inventory and for judgment, etc. An inventory was accordingly taken, and, after hearing, there was judgment ordering the sale of the property included therein and a partition of the proceeds among the parties litigant in proportion to their respective interests, as determined by said judgment, and further ordering that the plaintiffs and the Succession of Fernand Magi collate the amounts as claimed in the petition. From this judgment, the executors of Fernand Magi have appealed, and the plaintiffs, through their counsel, move to dismiss said appeal.

In their application for the appeal, the executors say "there is "manifest error to the prejudice of the movers in, and they are " aggrieved by, the final judgment, herein rendered * * * against "them * * * in the sum of $1,811, with accruing interest and " costs," etc., wherefore they have appealed.

The motion to dismiss, upon the other hand, is based on the ground, as stated in said motion, "that this court has no jurisdiction *ratione* "*materiae,* in this, that appellants have acquiesced, in their answer " and their appeal, in the entire demand of the plaintiffs except as to " the amount of $1,811, which is the only amount or question in con- " troversy between appellants and appellees, which amount being less " than the lower limit of the jurisdiction of this Honorable Court, said " appeal should be dismissed."

According to the inventory, the property to be divided is valued at $8,950.43, and this, we think, constitutes a *fund to be distributed* within the meaning of Article 85 of the Constitution, which reads: " The Supreme Court, except as hereinafter provided, shall have appel- " late jurisdiction only, which jurisdiction shall extend to all cases " where the matter in dispute, or the fund to be distributed, whatever "may be the amount therein claimed, shall exceed two thousand dollars, exclusive of interest."

It is true that the appellants acquiesced in the demand for the partition, and in all other demands made by the plaintiffs, except that for the collation of $1,811 by the Succession of Fernand Magi. And, by their failure and refusal to acquiesce in that respect, they are in the attitude of claiming $1,811 from the fund, amounting to over $8,000, which is to be distributed, whilst the other parties litigant are in the attitude of resisting said claim. Under these circumstances, we think it clear, according to the language of the Constitution, that, notwithstanding that "the *amount therein claimed*" is less than $2,000, the jurisdiction of this court attaches, because the fund in which, or against which, the claim is made, exceeds that amount. Renshaw vs. Stafford, 34 Ann. 1140; Hamilton vs. Creditors, 51 Ann. 1043.

The motion to dismiss the appeal is, therefore, denied.

### ON THE MERITS.

BREAUX, J. The executors of the succession of the late Fernand Magi appeal from the judgment of the District Court condemning them to collate the sum of eighteen hundred and eleven dollars to the succession of the late Jayme Magi, father of Fernand Magi.

A partition suit was brought by the widow of Jayme Magi; by Widow Tranchmen, a daughter of the late Jayme Magi, against the Succession of Fernand Magi, son of the late Jayme Magi, also against the children of the late Jayme Magi, a predeceased son of Jayme Magi, and against S. V. Fornaris, testamentary executor of the late Jayme Magi. The property was ordered to be sold to affect the partition.

The record discloses that some time prior to this suit for a partition, and a short time after the death of Fernand Magi, his co-executor of the Succession of Jayme Magi, prepared an account of administration of the succession on which he placed Fernand Magi as a debtor in the amount of one thousand eight hundred and eleven dollars. Notice of the filing of this account was given by the usual advertisement. In due time the account was homologated and the executor was directed to pay the funds.

The contention of the plaintiff in the partition proceedings is that the indebtedness of eighteen hundred and eleven dollars which they claim should be collated by taking less in the Succession of Jayme Magi, has been sufficiently shown to be due by the account before mentioned, rendered by Fornaris, executor of the Succession of Jayme

Magi, for the reason that this account to which the executors of Fernand Magi were made parties was duly homologated without opposition.

They further contend that in addition to the effect to which this approved account is entitled in the present action for a partition, they examined witnesses and made it appear conclusively that the amount claimed is due as alleged.

The defendant in the partition proceedings sought to meet plaintiff's claim by urging that the homologated account in the Succession of Jayme Magi is not conclusive evidence of an indebtedness of eighteen hundred and eleven dollars, because collation does not enter into a final account of a testamentary executor and was not before the court, as that issue belongs properly to the proceedings in partition among the heirs and because the amount approved by judgment, as before mentioned, does not embrace collation in regard to which no evidence was offered of any claim to be collated; further that they were not cited.

We will not stop to consider the question growing out of the homologation of the first account and the weight to be given to the fact that it was homologated without opposition, and that it charged the late Fernand Magi with the amount before mentioned. We think that other testimony than the *res judicata,* predicated of these proceedings, amply sustain the claim, and in consequence we deem that it is not necessary to consider the judgment homologating the first account.

We are informed by the testimony that the late Jayme Magi owned a retail and wholesale cigar store, and that it was located in a leased building and that the lease had some time to run. Because of this unexpired lease, the heirs thought it best to continue the business until the end of the lease. The books were kept by the clerk—Holthouse. We understand that Fernand Magi more particularly had charge of the active operations of the store. A statement from these books shows that he was indebted in the amount claimed. But defendants urge that in admitting books of the store and considering them as evidence, it is carrying too far the principles laid down in the Code, that the books of merchants are good evidence against them.

These books were under the control of this executor and recorded an account of the busisness he had in charge. Mr. Fornaris says that

these books were, to some extent, kept by Fernand Magi while his father lived, and he also says in this connection that every item charged against Fernand Magi had previously been approved by him. In the last statement he is corroborated by the attorney of the succession as before stated.

While there was no partnership, there was a common interest among the heirs of the succession which, in part, was in charge of Fernand Magi. Decisions relating to partnership books, having some bearing, are: Armistead vs. Sprig, 1 Rob. 567; Calder & Co. vs. Creditors, 47 Ann. 346. Under these circumstances, these books were admissible as a commencement of proof.

Two hundred and eighty dollars of the amount of the one thousand eight hundred and eleven dollars are admitted by the defendant as due. With reference to the remainder, the executor repeats in his testimony that Fernand Magi took more than his salary of fifty dollars per month while administering the affairs of the succession. This witness was closely cross-examined by the learned counsel and in answer affirmed that which he had previously said in his examination in chief. In addition, Mr. Théard, attorney for the succession, said to Magi that he was indebted to the succession in a sum of about eighteen hundred and eleven dollars, which indebtedness Magi did not deny, but only expressed some concern because objection was urged to his taking any further sum from the cash of the succession.

Mr. Barnett, an accountant, examined the books in question and found the final debit to be in the sum before mentioned. The salary of Magi of fifty dollars a month, mentioned in argument and referred to several times in the evidence, does not appear to have been credited in the account showing a balance as before stated. But another book was kept of expenses which parties did not find and produce. If this book be found or other testimony showing that this sum is due, it would be a legitimate charge against the succession. With the testimony before us we would not be warranted in decreeing that it should be paid

For the foregoing reasons, the judgment appealed from is affirmed.