TRAVERSO ET AL. *vs.* ROW ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF WEST
FELICIANA.

If the record has not been filed on the return day, the appellee may, on the
third day thereafter, if it is not filed, obtain the clerk's certificate to that
effect, and obtain execution of the judgment below ; or he may bring
up the record himself, and have the appeal dismissed.

But if the appellee wait until the transcript be actually filed, although it
may not be brought up until after the lapse of three judicial days from
the return day, he cannot avail himself of any advantage resulting from
its not being filed in due time.

A judgment of partition cannot be amended or altered on an appeal, except
contradictorily with all the parties interested, and to the original suit.

If the appellant wishes to withdraw his appeal, he must do it on motion to
the court *a quo*, before he has the appellee cited in.

This is an action of partition, instituted in the Probate
Court, by a portion of the heirs of Margaret Coleman,
deceased, against their co-heirs, one of whom (Charles
Jones) is an absentee, demanding a partition of the succes-
sion of said decedent.

The probate judge decreed a partition, which was unsatis-
factory to two of the heirs, and they appealed.    The appeal
bond was given to *John Traverso, and others,* without naming
any other of the heirs especially.

The appeal was granted the 3d of October, 1836, and made returnable to the third Monday of January following, in the Supreme Court. The third Monday came on the 16th day of January, and the record was not filed until Wednesday, the 18th. The next day a motion was made to dismiss the appeal.

*Bradford* and *Patterson*, for the appellees.

1. They contended that the record was not filed in time, and the appeal should therefore be dismissed.

2. The heirs and parties, appellees, have not all been cited in the appeal, and service is defective, as relates to some of the others. On this ground the cause cannot be tried on its merits.

*Boyle* and *Johnson*, *contra*, maintained the right of the appellants to move for a withdrawal of the appeal, in order to have all the parties cited in. *Code of Practice*, 595.

2. The appeal was filed in time, being within three judicial days from the return day.

*Martin, J.,* delivered the opinion of the court.

This is an action of partition, in which the plaintiffs had judgment, and the defendants appealed. The dismissal of the appealed is prayed for, on the grounds that the record was not brought up on the return day, and that all the plaintiffs were not made parties to the appeal. It was made returnable on the third Monday of January, being the 16th day of that month, and the record was filed on the following Wednesday, being the 18th of the same month. On the 19th, the day following, the motion to dismiss was filed. The Code of Practice, article 589, gives to the appellee, when the record has not been brought up on the return day, the right of obtaining, three days thereafter, the certificate of the clerk, that the transcript has not been filed, or to bring up the record himself, and obtain judgment on the dismissal of the appeal, in the same manner as if the transcript had been brought up by the appellant.

*If the record has not been filed on the return day, the appellee may, on the third day thereafter, if it is not filed, obtain the clerk's certificate to that effect, and obtain execution of the judgment below; or he may bring up the record himself, and have the appeal dismissed.*

EASTERN DIST.
*February*, 1837.

TRAVERSO ET AL.
*vs.*
ROW ET AL.

But if the appellee wait until the transcript be actually filed, although it may not be brought up until after the lapse of three judicial days from the return day, he cannot avail himself of any advantage resulting from its not being filed in due time.

As the clerk's certificate must state that the transcript *has not been brought up*, not that it was not brought up in due time, it follows that the appellee cannot have this certificate after the transcript has been actually filed; and as in courts of original jurisdiction, the plaintiffs' right to take judgment by default, on the failure of the defendant to answer in due time, is destroyed by an answer filed thereafter, but before the right be exercised, it seems to follow that if the appellee wishes to avail himself of the neglect of the appellant in filing the transcript on the return day, he should exercise his right immediately, and not to wait until the transcript be actually filed. We think the laches of the appellant, in this particular, were caused by his posterior filing of the transcript on the day preceding that on which the appellee sought to avail himself of these laches.

A judgment of partition cannot be amended or altered on an appeal, except contradictorily with all the parties interested and to the original suit.

If the appellant wishes to withdraw his appeal, he must do it on motion to the court *a quo*, before he has the appellee cited in.

As in a judgment of partition, the judgment cannot be amended in favor of either of the parties, without being disturbed in what concerns the others, it follows, that it cannot be touched except contradictorily with all the rest, therefore as all the parties to the judgment are not before us, it follows, we cannot inquire into its correctness. If the appellant wished to avail himself of the article 595 of the Code of Practice, he should have done so in the Court of Probates. Nothing authorizes us to remand the case to that court for further citation, as suggested. The appeal, therefore must be dismissed.