## No. 137.

### MARGARET VIOLA GRAY VS. SIMEON GRAY.

In an action for partition of property held in indivision, the jurisdiction of this Court must be tested under the same rules which govern in succession matters. The jurisdiction of this Court depends upon the amount of the fund to be distributed, and not upon the amount claimed therein.

In this case the amount of the inventory is less than $2000; and the fact that appellant claims $5000 against the community, cannot vest jurisdiction in the Supreme Court.

APPEAL from the Second District Court, Parish of Webster. *Drew, J.*

*J. D. & J. T. Watkins* for Plaintiff and Appellee.

*J. E. Reynolds* for Defendant and Appellant.

### MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J. The object of plaintiff in these proceedings is to obtain a partition by sale of the property depending upon the succession of her mother in community with the defendant, the surviving husband, and to obtain a recognition of her mortgage rights on the immovable property of the community, in restitution of her mothers paraphernal funds, amounting to $1502 54.

The defense is a general denial, followed by a plea in reconvention for judgment in the sum of $5000, the alleged amount of the defendant's separate funds used and disbursed for the benefit of the community. He has taken this appeal from a judgment in favor of his daughter, allowing her all the relief which she sought.

The motion to dismiss, predicated on our want of jurisdiction *ratione materiæ*, must prevail, because the fund to be distributed, as shown by the record, does not exceed, but is less than, two thousand dollars. From an inventory taken of all the property belonging to the succession and to the community, it appears that the pecuniary value of the same is $1918 72; that is the fund to be distributed, and that affords the test of our jurisdiction, irrespective of the amount claimed therein. Art. 81, Constitution.

Hence it follows that the amount claimed by the defendant as a credit against the community cannot be considered as a constituent element in the test of jurisdiction.

The object of the suit being for a partition of the community, and for the enforcement of a privileged claim thereto, the proceeding is

practically a settlement of the succession of plaintiff's mother; and the question submitted under the present motion must therefore be settled under the rules governing such cases.

Jurisprudence has long since settled the rule that in such cases the jurisdiction of this Court depends upon the amount of the fund to be distributed. Out of numerous decisions we quote the following as directly in point: Succession of W. H. Gale, 21 Ann. 487; State *ex rel* Hickman vs. Judge, 28 Ann. 935; Succession of James Cloney, 29 Ann. 326. It will be noted that these decisions were rendered under the Constitution of 1868, which did not circumscribe or define the jurisdiction of this Court in as narrow and clearly described limits as is done in the present Constitution, which has left very little room for discussion on the question of jurisdiction in all matters of partition and succession. But that provision, although clear and unambiguous, has been tested and has been judicially interpreted since the adoption of the present Constitution, and the rule is now absolutely settled that "the amount of the claim preferred against the succession is not the test of jurisdiction, but the fund to be distributed." Succession of Thomas, 35 Ann. 19; Succession of Audres, 34 Ann. 1063; Succession of Lesassier, 34 Ann. 1066.

It is therefore ordered that this appeal be hence dismissed at appellant's costs.

Appeal dismissed.

## On Application for Rehearing.

Manning, J. The appellant calls our attention for the first time to the date when his appeal was taken, viz May 9th of this year, at which time the constitutional amendments changing the jurisdiction of this Court had not been promulgated, and therefore his appeal was rightly taken then. Those amendments became a part of the Constitution on May 15, 1884, and our disposition of the case should have been a transfer of it to the Circuit Court. We grant the rehearing solely for the purpose of altering our decree.

## On Rehearing.

It is ordered and adjudged that our decree dismissing the appeal in this case be rescinded and vacated, and that the record be transferred to the Court of Appeals for the Circuit that includes Webster Parish.