Ruthenberg vs. Helberg et al.

## No. 10,656.

### MINA RUTHENBERG VS. HENRY HELBERG ET AL.

An appeal lies to the Supreme Court in a partition suit, the object of which is to divide, or distribute a fund exceeding $2000, the lower limit of its jurisdiction.

A judgment which passes upon *all* the issues presented by co-partitioners, so as to leave no further matter for determination, is not an *interlocutory*, but a *final* judgment.

The fact that, after adjusting the difference of the parties, the court refers them back to the notary, with instructions to him to complete the partition, in accordance with the judicial findings, does not strip the judgment of its chacter of *finality*.

The matters adjudicated upon could not be reëxamined by the court without the consent of the parties concerned.

The judgment has all the elements of a definitive judgment, and is rendered and signed as such judgments are required to be by law, and would constitute *res judicata*. It practically amounts to a judgment of homologation.

In order to charge the community with a claim against it, the spouse must prove that he had the money as his separate property, whatever the source be from which it came, and that he actually invested it for the benefit of the community.

In the absence of such proof, on a claim for reimbursement, judgment should not, as a rule, conclude the claimant, who should be simply *non suited*, with a reserve of rights.

Fees of counsel for services rendered in opening a succession, preparatory to a partition suit, may be charged to the proceeds of sale of commuity property.

A PPEAL from the District Court, Parish of Orleans.
    *King, J.*

*Aug. Bernau* for Plaintiff and Appellant.

*J. E. Wallace* for Defendants and Appellees.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J. The motion rests on the ground of want of jurisdiction in this court.

Ruthenberg vs. Helberg et al.

1. *Because* the amount involved, or matter in dispute, does not exceed $2000.

2. *Because* the judgment appealed from is not a *final* but is an *interlocutory* judgment, the execution of which can cause no irreparable injury.

The suit is one in partition of property owned in common by the plaintiff and the defendants.

After issue joined, the court ordered the real estate to be sold and the movables to be delivered to one of the parties, on certain conditions.

It further directed a reference, after the sale, to a notary to effect a partition, with a reserve for the rights of the parties, which had not been at all passed upon.

The parties appeared before the notary, after the property had been sold, and discussed the manner in which the partition should be made; but they failed to agree on the subject.

The notary drew up an act setting forth the *active* mass and what appeared to be the *passive;* but as the appearers, the surviving husband and the two heirs, could not agree, the officer returned a statement or report of the circumstances to the court.

The parties then appeared in court setting forth their claims and counter claims.

After hearing them the court passed upon their complaint, referring the parties to a notary for the purpose of completing the partition according to the judgment rendered.

It is from *this* judgment that the appeal sought to be dismissed is taken.

I.

It is evident that the case is appealable.   The real estate sold for $2875.   To this *item* are added others, which swell it to $3421.40.

The fund to be distributed exceeding $2000, it is apparent, that, under the very term of the Constitution, defining the jurisdiction of this court, the case is appealable.   Art. 81.   Clearly, the judgment is one directing that *such* a fund be distributed in a particular way.

The aggregate of the claims of the parties to that fund exceed the lower limit of our jurisdiction.

This first ground, therefore, does not support the motion to dismiss.

## II.

The next question to be considered, is whether the judgment rendered is a mere interlocutory decree, or a *final* judgment.

Interlocutory judgments are such as are pronounced on preliminary matters in the course of the proceedings, without deciding the merits; while final or definitive judgments are those which decide all the points in controversy, and which may acquire the force of *res judicata*. See C. P. 538, 539.

The District Court has passed upon *all* the issues presented by the litigants, so much so that there remains nothing else to be determined between them.

Really, there was no partition of the assets before the notary, who reported merely that the parties could not agree.

The duty of the court was to pass upon *all* their deferences, and it has done so in a manner which sets them at rest, so much so that were the judgment thus rendered to remain undisturbed on appeal, it would constitute *res judicata*.

It is rendered and signed, as all *final* judgments are required to be, and is such that the court which rendered it would be incompetent to review without the formal consent of the parties concerned.

It has none of the characteristics of an *interlocutory* judgment or decree.

It is true that, after determining what it does, it refers the parties to the notary, who is directed to complete the partition according to the views of the court; but this is a mere formality, or ceremony, in furtherance of the finding of the court, apparently justified by C. P. Art. 1030; but in reality not so, as this provision refers to cases in which a partition *was previously made* before the notary.

The District Judge might as well have stated the manner in which partition should be made, and abstain from referring the parties again to the notary.

Had he done so, the judgment would, without any dispute, have been on its face absolutely a *final* judgment. The fact of the reference does not strip it of that character.

Under the rulings in the case of Carry vs. Richardson, 35 An. 505, in which a germane matter was considered, and reference was made to authorities having an immediate bearing, particularly to the case of Woolfolk vs. Woolfolk, 30 An. 146, and others which were cited, drawing elaborately the lines of demarcation between *interlocutory*

and *final* or *definitive* judgments, there can be no doubt that the judgment herein rendered and appealed from is a *final* judgment, which can be reversed by this court at the present stage of the proceedings.

The ruling invoked in Marionneaux vs. Marionneaux, 28 An. 392, has no bearing.

The court there considered and dismissed two appeals taken, one from an order homologating the report of the [experts, and another directing the partition to be made in kind, referring the parties to a notary.

The judgment was not, as it in this case, one settling all the differences of the parties *after* a reference to the notary, in a manner which closes the door to any further contention, as to the mode in which the assets should be constituted and distributed, and one which practically homologates the partition.

It is therefore ordered that the motion to dismiss be denied.

## On The Merits.

The plaintiff appeals from a judgment regulating the distribution of the proceeds of sale of the property, the partition of which she had sought.

The items contested on appeal are few.

The court properly disallowed the item of $90, as money borrowed from John McDonogh. It appears that the amount was loaned to the surviving husband *after* the death of the wife. It became the personal debt of the former. It is not chargeable to the community once existing between him and his deceased spouse.

The *item* of $40, claimed by Anna C. Ruthenberg for funeral expenses, was proved and properly allowed.

The amount borrowed from Mrs. Charlotte Bowman, $155, is shown to have been used for repairing the house which belonged to the community, and recognized by the husband who issued his note for it. It was therefore properly allowed.

In relation to the $800 which the husband claims to have inherited and to have invested in the community, by paying with it part of the purchase price of the property, we are satisfied, owing to the rejection of certain testimony, obtained under commission for want of proper authentication and to deficient proof in other respects, that it is established that the same was inherited, received and actually

invested, as claimed by the surviving husband. As there was no adverse proof, judgment can not go against him, so as to deny him recovery; but should be rendered as in case of *non-suit* only; so that on proper show and evidence he may hereafter obtain adequate relief.

The *item* of $200 for attorney's fees, for services rendered in the partition suit and not allowed below, is not pressed but is formally abandoned.

The claim for $150 attorney's fees, for services in opening the succession, should not have been rejected entirely.

The succession had to be opened. The surviving husband failing, an heir had the right to do so, and therefore employ counsel. The services rendered were not important, and the succession was small; but they should be reasonbly remunerated. We think $50 a sufficient compensation.

There is no further disputed *item* to be considered here.

It is therefore ordered and decreed that the judgment appealed from be amended so as the allow $50 for attorney's fees, and to disallow for the time being the sum of $800 and interest, claimed by the surviving husband, as in case of *non-suit;* with reserve of the right to claim and recover same hereafter on proper showing and proof, and that thus amended, said judgment be affirmed at appellee's cost.