The opinion of the court was delivered by
Fbnneb, J.
The several plaintiffs in these cases having encountered adverse judgments in the court below, and being, as we suppose, in doubt as to whether the cases were within the appellate jurisdiction of the Circuit Court of Appeals or of this court, applied for and obtained, at the same time, two orders'of appeal, one to the Circuit Court returnable on the first Monday of June, 1893, and the other to this court on .the second Monday of June, 1893.
A motion to dismiss filed by appellee brings to our notice the fact (admitted by appellants) that the first appeal was duly lodged in the Circuit Court and was pending in said court undetermined at the time when the appeal was filed in this court, and still remains undetermined.
In consideration of the double appellate jurisdiction granted to the Supreme and to the Circuit Courts over District Courts and of the uncertainty which sometimes attends the determination as to which is the proper appellate tribunal, we are disposed to recognize the practice which seems to prevail, in ambiguous cases, of taking, at the same time, orders of appeal to both appellate courts.
In the case of Bennett vs. Creditors, decided at this term, where appeals had been taken both to the Circuit Court and to the Supreme Court, and where the appeal to the Circuit Court had been dismissed for want of jurisdiction before the appeal to this court had been filed here, we declined to dismiss the latter appeal, saying: “ The first appeal prosecuted was a nullity, and the second, valid and legal. It was in force and could be prosecuted in accordance with the order granting it. Because the other order obtained at the same time was null and void, it could not affect the order of appeal made returnable to this court.”
If this case stood in like position we should pursue the same course. But the case before us is essentially different. We are con *985 fronted with the fact that the appeal taken to the Circuit Court was duly prosecuted and had been lodged in that court before the appeal was returned in this court and is still pending there undetermined.
Is it possible that there can be two appeals by the same party, from the same judgment, pending, at the same time, in two different courts? We can discover no warrant of law for such a proposition. It may be that the appeal to the Circuit Court may be nugatory as not within its jurisdiction, and that the Circuit Court may so decide and dismiss that appeal as it did in the Bennett case. But the Circuit Court is vested with unquestioned and exclusive authority to determine primarily the question of its jurisdiction over the appeal. When it has decided, resort may be had to our supervisory jurisdiction to compel or forbid it to entertain jurisdiction; but we have universally declined to exercise our supervisory powers until the question of jurisdiction has been first .submitted to and decided by the Circuit Court. Bor us to entertain jurisdiction of the appeal to this court would be, in effect, to order a dismissal of the appeal to the Circuit Court in advance of any determination by that court of its own jurisdiction. The two appellate jurisdictions are. exclusive of each other. If this court has jurisdiction the Circuit Court can not have it — at least over the whole judgment, and both appeals' are taken from the whole judgment without discrimination. Appellants have themselves invoked the appellate jurisdiction of the Circuit Court and' they must submit to that jurisdiction until it has been determined in proper proceedings and by proper authority that the Circuit Court has no jurisdiction. Then, and not till then, can they appeal to this court. We can not, in this case, decide that the Circuit Court has no jurisdiction of an appeal regularly taken and pending before it; and it is impossible for us to entertain this appeal without so deciding.
It is, no doubt, unfortunate for appellants that their two appeals ' thus find themselves in conflict. But it was a risk that they assumed when they took the two appeals, that if the first appeal was not disposed of before the return day of the second the latter would necessarily lapse. It is a legal impossibility that they should bring their second appeal to this court while their first appeal is still pending undetermined in the Circuit Court. It does not lie in the mouths of appellants to ’ question the jurisdiction of the Circuit Court which they have themselves invoked. Their adversaries may question it, *986 and if they do so successfully appellants may then invoke the jurisdiction of this court, but so long as the appellees are held under the appeal in the Circuit Court they can not be impleaded in this court under an appeal by. the same parties from the same judgment.
We have reflected on appellant’s dilemma from every point of view without being able to discover any alternative except to dismiss the appeal. In doing so we shall reserve their right to take a new appeal to this court in case the Circuit Court shall be held to be without jurisdiction.
It is therefore ordered that this appeal be dismissed without prejudice to appellant’s right to take a new appeal to this court in case the pending appeal to the Circuit Court of Appeals shall be dismissed for want of jurisdiction.