## No. 12,332.

### SIMON AND MARK PINSKY VS. JULES A. RESWEBER.

In the case of insolvency where two appeals have been taken from two different orders, one to the Circuit Court of Appeals and the other to this court, the Supreme Court is only concerned with the appeal to it. The fact that two orders of appeal were thus granted is no ground for dismissal of the appeal sent to the Supreme Court.

The oath of a proxy of a creditor must be direct and positive as to the existence of the debt. "From the best of his knowledge and belief" is not sufficient. as this shows on its face that the knowlege is derivative. But where the oath of the proxy is direct, positive and unequivocal, this authorizes the proxy to vote at the meeting of creditors.

The validity of the debt can only be questioned in an opposition to the distribution of the fund.

APPEAL from the Nineteenth Judicial District Court for the Parish of St. Martin. *Voorhies, J.*

*Martin & Voorhies* for Plaintiffs, Appellees.

*James Simon* and *James E. Mouton* for Defendant, Appellant.

Argued and submitted January 5, 1897.
Opinion handed down January 18, 1897.

ON MOTION TO DISMISS.

The opinion of the court was delivered by

McENERY, J. The motion to dismiss the appeal recites that two orders of appeal were granted in this case; one to the Circuit Court of Appeals, on the order for a meeting of creditors, and the second, in opposition to proceedings of the meeting of creditors, to this court, and that there is but one appeal bond in the record, and that the same is insufficient, as it does not mention the number of the suit, when the judgment was rendered, the nature of the judgment, in whose favor the judgment was rendered; nor is it shown in the bond who are appellees and appellants.

It does not appear that the appeal to the Circuit Court of Appeals was perfected. At any rate we have nothing to do with the appeal

Pinsky vs. Resweber.

to that court, but are only concerned with the jurisdiction of this court. The plaintiffs' claim is for seventy-eight dollars or thereabouts. They are pursuing a fund for distribution exceeding two thousand dollars. There is a contest of creditors which would eventuate in the final distribution of this fund if the plaintiffs succeed in their contention. The case is as though the debtor had made a voluntary surrender, and there was a contest among creditors for the settlement of the rights, which went to the whole fund.

In obedience to the order of court the debtor filed his schedule, and it shows a fund exceeding the lower limits of our jurisdiction. The whole contention is the disposition of this fund, whether it shal be surrendered, or whether it shall remain in the hands of the[1] debtor. There is no contention as to the claim of plaintiffs.

Motion denied.

## ON THE MERITS.

The plaintiffs were judgment creditors of the defendant. They caused an execution to issue on their judgment. It was returned "No property found." They then proceeded under Sec. 1781, R. S., to compel the defendant to surrender his property to his creditors. The judge ordered a meeting of creditors. They voted against the surrender. Opposition was made at the meeting to the votes of certain creditors, because the proxy's oath to the claims held by him were insufficient, and his knowledge of the debts was not personal, but derivative. An opposition was filed to the *proces verbal* of the meeting of creditors and the proxy stated the source of his knowledge of the indebtedness. The debtor had placed all the claims in his schedule, to which he made oath. The proxy's testimony was that he based his affidavit on the schedule acknowledgment of the debt and from information derived from his clients. The acknowledgment of a debt by the debtor is the highest evidence of its existence. We do not see how an agent could get better personal knowledge of the debt than by its acknowledgment by the debtor. The schedule acknowledgment, however, is not conclusive on the creditors. But the contention as to the existence of the debt is a question which can only come up on opposition to a distribution of the fund. For all purposes of voting the affidavit of the creditor, or his proxy to the absolute existence of the debt is sufficient.

When the oath is positive and is not from belief, or as it is

expressed sometimes, to the best of his knowledge and belief, it is sufficient basis for the right to vote.

The proxy presented a list of all the creditors he represented. This was preceded by a statement that the proxy represented the " following creditors of Jules A. Resweber, to-wit " (then followed names and amounts, the affidavit, after list of names) :

" Said James Simon further declares that his constituents are *bona fide* creditors of the said Jules A. Resweber in the sums above speci - fied. Appearer James Simon further votes in the names of his said constituents against the surrender of the property of Jules A. Res- weber to his creditors." This oath was positive and direct as to the existence of each claim presented by him. Power of attorney accom- panied each claim, and there could be no objection to the mode and manner of voting all the creditors represented at one time instead of calling the name of each and voting it in the *proces verbal*.

The placing of the debt on the schedule by the debtor gave it a *prima facie* existence. The oath of the proxy was that the debts were *bona fide* debts against the debtor. This was a sufficient veri- fication of the debt to entitle the creditor to vote at a meeting of creditors. No other evidence is required to entitle the creditor to vote. " The fact that the opponent opposed the votes before the notary does not change the relative position of the parties." Mer- cadal, Jr., vs. His Creditors, 16 An. 82; Spears vs. His Creditors, 40 An. 650.

In that case the court further said :

" The burden of proof would necessarily rest on the creditor on an opposition to a tableau of distribution, and the reason for the differ- ence is obvious. In the first place the interests of the mass of cred- itors requires that the property of. their common debtor should be applied to the payment of their claims without unnecessary delay; and in the next place a judgment liquidating a debt in a litigation of this kind would not be binding on the creditors, who were strangers to the proceeding."

There was objection made to the voting of other creditors because the oath to their claims was not made before the notary holding the meeting. The District Judge sustained the vote. It is not essential that the creditor should make oath to his debt before the notary. He can make it at his domicile, and when presented by his proxy it has

the force and effect as though made in person by the creditor before the notary holding the meeting.   Phillips vs. Her Creditors, 36 An. 904.

Walmsley filed an opposition to the *proces verbal* of the meeting of creditors.   He did not appear in person or by proxy, and his opposition came too late.

The judgment appealed from is annulled, avoided and reversed, and it is now ordered that the demand of plaintiff for the surrender of his debtor's property be dismissed.