ing the effectiveness of the dykes as originally planned."

There is other evidence in the record to the same effect, from witnesses of equal standing with Mr. Keene; and there is a preponderance of evidence to the effect that the work done by plaintiff at Shreves Island has accomplished its purpose, and that it was in good order when the railway company took it out of plaintiff's hands.

The case presents questions of fact almost entirely. Most of the witnesses for plaintiff are men of education and of high rank in their respective fields of employment; while most of the witnesses for defendant are employés of that company. All of these matters will be taken into consideration in weighing the evidence and in coming to a decision. The record contains photographs, maps, and blueprints which also go to sustain the testimony of plaintiff's witnesses. Lykiardopoulo v. New Orleans C. R. & Light Co., 127 La. 318, 53 South. 578.

The work was "performed and completed to the satisfaction of the chief engineer of said railway company, and by said chief engineer accepted," and four-fifths of the contract price was paid by defendant to plaintiff, all in accordance with the terms of the contract. The remaining one-fifth of the contract price now in contest was "retained by said railway company as security for the guaranty of plaintiff that it will have built and replaced any work which the high water or caving bank may displace or carry away."

We are of the opinion that the plaintiffs have done all that the contract required of them up to the time that the work was taken from them by defendant; and that they were willing, and expressed that willingness to defendant, to continue work under the contract, and to do all that might have been required of them in the future. Defendant was without authority to take the contract

from plaintiff and refuse to pay the balance of the price.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is reversed; and that there be judgment in favor of plaintiff and against defendant in the sum of $2,819.70 with legal interest from July 1, 1908; with costs in both courts.

---

(62 South. 154.)

No. 19,351.

BROWN v. GREEN.

(April 22, 1913. On the Merits, May 12, 1913.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. APPEAL AND ERROR (§ 48*)—JURISDICTION —AMOUNT INVOLVED—PARTITION.

In an action of partition, the value of the whole property, and not the value of the share, or shares, of the litigants is the test of the jurisdiction of this court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 226–232; Dec. Dig. § 48.*]

2. APPEAL AND ERROR (§ 78*)—APPEALABILITY —FINAL JUDGMENT—PARTITION.

A judgment in a partition proceeding, recognizing one as the owner of half the property, is such a final judgment as will serve as the basis of an appeal, and it is not necessary that the appellant shall wait until a judgment homologating the partition proceedings has been rendered before taking an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*]

3. APPEAL AND ERROR (§ 801*)—MOTION TO DISMISS APPEAL—SCOPE OF REVIEW.

No question regarding the burden of proof to sustain some allegation of the pleadings can be raised on a motion to dismiss the appeal, as the question of proof is one relating solely to the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161–3164; Dec. Dig. § 801.*]

4. APPEAL AND ERROR (§ 801*)—MOTION TO DISMISS APPEAL—SCOPE OF REVIEW.

The question of whether a partition can be had without an inventory cannot be gone into on a motion to dismiss the appeal, but must be considered on the merits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161–3164; Dec. Dig. § 801.*]

5. APPEAL AND ERROR (§ 361.*)—MOTION TO DISMISS APPEAL—GROUNDS.

Where it is clear from a reading of a motion of appeal that the appeal is being taken on behalf of a real party in interest, and not on behalf of the attorneys in the case, and the bond is furnished in accordance with an order granting the appellant an appeal, the appeal will not be dismissed on the ground that the attorneys mentioned their own names as the movers in the motion for appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1941–1959; Dec. Dig. § 361.*]

6. APPEAL AND ERROR (§ 1177*)—ATTORNEY AND CLIENT (§ 76*)—ABANDONMENT BY ATTORNEY—DECREE ON APPEAL.

Though it be true that a defendant has failed, on several previous occasions, to appear in court when her case was called for trial, and though she fail to furnish her counsel with a list of her witnesses, and fail to appear upon the occasion when it is finally tried, nevertheless her counsel should not, at that moment, abandon her defense without having previously given her timely notice of his intention so to do; and where as a result material testimony is offered, on behalf of plaintiff, upon the vital issue, which would no doubt have been excluded on proper objection, and, though admitted, in the absence of such objection is unsatisfactory and unconvincing, the interests of justice will be best subserved by remanding the case, to be retried.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177;* Attorney and Client, Cent. Dig. §§ 120–131; Dec. Dig. § 76.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Selina Beatrice Brown, wife of Charles Hudson, against Delphine Green, wife of Frank Walker. From judgment for plaintiff, defendant appeals. Reversed and remanded.

J. J. McLoughlin and Teissier & Teissier, all of New Orleans, for appellant. Carl C. Friedrichs, Harold A. Moise, and Edward M. Heath, all of New Orleans, for appellee.

On Motion to Dismiss Appeal.

BREAUX, C. J. The grounds urged by plaintiff and appellee to dismiss the appeal are:

First: That the court is without jurisdiction ratione materiæ.

Second: That no appeal can be taken from final judgment.

Third: That the appellants are not before the court.

[1] First, as relates to jurisdiction: Plaintiff and appellee urged that the amount in dispute is not over $1,100. This ground is predicated on an erroneous state of facts, as the undivided half of the property is worth the amount stated, not the whole property. Plaintiff and defendant—the action is for a partition—urge that only one-half of the property is to be considered in deciding whether or not this court has jurisdiction.

The whole property gives rise to the issues, not the half. The property is held in common by plaintiff and appellee with her co-heirs. The defendant and appellant denies that plaintiff has any interest in the property, and asks that the whole demand of the latter be rejected.

Moreover, the amount to be distributed is the test, and not the amount claimed. Gray v. Gray, 36 La. Ann. 868.

The whole fund for distribution exceeds $2,000, as shown by evidence in the record; in a partition suit it is within the lower limit of the court's jurisdiction. Ruthenberg v. Helberg, 43 La. Ann. 410, 9 South. 99.

"Value of the property and the amount of rent to be distributed is over $2,000."

In Succession of Magi, 107 La. 208, 31 South. 660, the amount to be collated gave rise to the issues involved, and, although it was less than $2,000, inasmuch as the property, which was the subject of partition, was valued at over $2,000, the court declined to dismiss the appeal for want of jurisdiction.

The appeal is frivolous is the next, or third, objection to the appeal.

[2] To the point urged by plaintiff and appellee, prematurity of the appeal on the ground that an appeal lies in partition proceedings only from the final decree homologating the partition, the answer is that a final decree has been rendered. The defense's prayer for a decree denying to plaintiff any right in the property has not been granted, but, on the contrary, the court decided that plaintiff is entitled to one-half of the property.

There is finality in this judgment, which should be passed upon in the interest of all concerned in order to obviate possible useless litigation in the future. A decision is invoked as a controlling authority. Stokes v. Stokes, 6 Mart. (N. S.) 350.

Our inclination to disregard it as an authority would be less pronounced if in other decisions the dictum had been followed. But in Woolfolk v. Woolfolk, 30 La. Ann. 146, Judge Spencer for the court refers to that case as overruled and cites in support of his decision (numbering it among the overruled decisions) Traverso v. Row, 10 La. 500; Traverso v. Row, 11 La. 494.

The weight of authority does not sustain the Stokes v. Stokes Case (6 Mart. [N. S.] 350) to the extent that would make it controlling in this case.

A decision rescues it from total oblivion— Reynolds v. Reynolds, 43 La. Ann. 1118, 10 South. 303. None the less, it does not apply where it is admitted that all those who apply as heirs have an interest.

The appeal is frivolous.

That ground will not be considered on the motion to dismiss. Later it will be considered on the merits.

[3] But both counsel argue at some length different propositions involving questions not reviewable on a motion to dismiss the appeal, such as, upon whom was the onus of proof to prove that plaintiff is the issue of the lawful marriage?

The merit of that proposition does not impress us at this time. However that may be, it will have to be considered later.

[4] That no inventory had been made. Plaintiff urged that an inventory may be made after partition, while defendant urged that a judgment ordering a sale of property to effect a partition, without inventory or appraisement, is not sufficient to tender a clear title. Decisions are cited, which will be considered hereafter while considering the merits.

[5] The fourth ground has no merit. It relates to the motion for the appeal. Attorneys will begin by mentioning their names as movers for the appeal. In this instance, immediately after the mention by the attorneys of their names, the names of their clients are stated as the parties plaintiff in motion for the appeal, and, throughout the motion it is shown that appellants are Delphine Green, wife of Frank Walker, and Frank Walker to authorize and assist his wife. The bond was furnished in accordance with the order, which was granted expressly to the appellants just named. It was the litigant through her counsel who appealed, and not counsel appealing for himself in a suit it is manifest he has no interest. Alba v. Provident Savings Life Assurance Society, 118 La. 1021, 43 South. 663; Ansley v. Stuart, 123 La. 330, 48 South. 953.

Something has been said about the want of proof of the divisibility of the property in kind. This ground is abandoned by plaintiff in the brief so that the court will be relieved from the necessity of considering it later on the merits.

Something was also said about the prematurity in filing the record of appeal. We take it that this ground is not insisted upon, and have reason to state that it is aban-

doned. Ross v. Naff (No. 19,343) 130 La. 590, 58 South. 348, recently decided.

The motion is overruled.

## Statement of the Case.

MONROE, J. Plaintiff sues to have herself decreed the owner, in indivision with defendant, of an improved lot in this city, and for a partition by licitation. She alleges that the lot was acquired by Evans Green and Eliza Ann Brown, his wife, as community property; that they had two children, the defendant, Delphine, and plaintiff's mother, Eliza Ann, now deceased; that Evans Green died 30 years ago, and that his wife died on February 14, 1911; and that she (petitioner) is entitled to her mother's interest in the lot. Defendant filed exceptions of vagueness and no cause of action, and an answer in which she alleges that plaintiff is an adulterous bastard, and does not inherit the estate of Eliza Ann Green. The case was called for trial on February 22, 1912, "defendant absent and unrepresented by counsel." Plaintiff called to the stand Cecilia White, Rosa McRay, Varice Henry, and plaintiff herself.

Cecilia White testified that she knew plaintiff to be the child of Eliza Ann Green; that her mother died when she was three years old, and that she is now about 25 or 26 years old; that, after the death of her mother, she and her aunt lived on the premises in question with the grandmother and mother, she being the "onliest" grandchild, but that her aunt was away a great part of the time, as her husband was a traveling minister. The following testimony, given by the witness, is all that there is in the record upon the subject of any marriage between plaintiff's parents, to wit:

"Q. Is Eliza Ann Green the wife of Frank Walker? A. No, sir. Delphine Green is the wife of Frank Walker; Eliza Ann Green is deceased, wife of Brown. Q. Now Eliza Ann Green, wife of Brown, did she leave any children? A. Yes, sir; one. Q. What is the name of that child? A. Selina Beatrice Brown. * * * Q. Is Selina Beatrice Brown, who is now the wife of Charles Hudson and plaintiff in this suit, is she the identical, the same, child that Eliza Ann Green brought forth in the world? A. Yes, sir; I am her Godmother, and I had her baptized when she was six weeks old."

Rosa McRay testified that she knew plaintiff's mother and grandparents, knew her to be the child of Eliza Ann Green, and knew that she lived on the premises in question.

Varice Henry testified that he knew plaintiff as a child at school, and that she lived on the premises in question with Widow Evans Green, her grandmother, who was taking care of her.

Plaintiff testified that she lived on the premises in question all of her life, that she understood that her grandparents had been married, in slavery, in their master's parlor, and that after reconstruction, they were "lawfully" married.

Upon the case as thus presented there was judgment for plaintiff, as prayed for. Some weeks later defendant filed a motion for a devolutive appeal, in which she set forth, in detail, what she alleges to be errors in the judgment. After the transcript was lodged in this court, plaintiff moved to dismiss the appeal, upon certain grounds which are considered in the opinion heretofore handed down, denying the motion. Attached to the motion to dismiss, we find an affidavit, by the counsel who filed the answer on behalf of defendant, in which he states: That the case was fixed for trial on January 3, 1912, by consent, and was continued at his request, owing to the fact that defendant had failed to furnish him with a list of her witnesses; that it was again regularly fixed on January 15th and was again continued, on the ground that defendant was ill with pneumonia; that it was again fixed on January 18th and was continued, as an open case, to January 22d, and the affidavit continues as follows:

"Now your affiant represents that, when this matter was called on the fourth time, he had made an investigation, and that the representation of Delphine Green as to her illness was incorrect; that he, personally, notified her of the trial of this case and requested her presence; that he telephoned to her, on January 18th, to come to court, and pleaded with her to come to court, which she failed to do, and that on January 22d, the day of trial, he appeared in court and requested that he be stricken from the case as counsel of record, for the reason that his clients would not give him the list of witnesses or appear in court, and had made misrepresentation as to the illness, which was not correct, and that, by reason of the defendant's conduct, he was unable, any longer, to represent them in this suit."

There is no suggestion, that defendant was, at any time, informed that her counsel intended to abandon her case, nor is it suggested that she was informed that he had done so in time to have enabled her to apply for a new trial, or even to obtain a suspensive appeal. The present, devolutive appeal is prosecuted by other counsel.

## Opinion.

[6] Though it be true, as stated in the affidavit annexed to the motion to dismiss the appeal, that defendant had failed, on several previous occasions, to appear in court when her case had been called, and, even though she failed to appear upon the occasion when it was finally tried, we do not think that her counsel should, at that moment, have abandoned the defense without having previously notified his client of his intention so to do. Moreover, the defense threw upon the plaintiff the burden of establishing her status by reasonably satisfactory evidence, whereas that upon which she relies would, no doubt, have been excluded, upon proper objection, and, though admitted, in the absence of any one to make such objection, is unsatisfactory and unconvincing. We are therefore of opinion that the interests of justice will be best subserved by remanding the case, to be retried.

The judgment appealed from is therefore set aside, and the case is remanded to the district court to be retried; the costs of the appeal to be paid by plaintiff, and those of the district court to await the result.