(123 So. 325)

No. 29758.

GENTILLY DEVELOPMENT CO., Inc., v. CARBAJAL.

Feb. 25, 1929. On the Merits. April 22, 1929. Rehearing Denied June 17, 1929.

Augustus G. Williams, Frank P. Kreiger, and Delvaille H. Theard, all of New Orleans, for appellant.

Monroe & Lemann, of New Orleans, for plaintiff in rule and appellee.

LAND, J. This is a partition suit in which the property was ordered to be sold to effect a partition under a judgment of the civil district court for the parish of Orleans, rendered on January 31, 1928.

The judgment of the lower court was affirmed on appeal to this court (166 La. 905, 118 So. 78), and on September 27, 1928, the property was sold at judicial sale and was bid in by the defendant, Mrs. Henrietta S. Carbajal.

Defendant declined to comply with the adjudication within the 45 days allowed by the judgment, and also within the additional time granted by plaintiff at her request, and a rule was taken against her to show cause why the property should not be sold a la folle enchere under article 2611 of the Civil Code.

Judgment was signed January 7, 1929, making the rule absolute. On January 16, 1929, defendant prosecuted two appeals from this judgment. One of these appeals was taken to this court and the other to the Court of Appeal for the Parish of Orleans (see 121 So. 214).

Appellant contends that as the appeal to the Court of Appeal was lodged there first and is still undetermined, we should suspend all action on the appeal to this court.

Appellant also contends that the Supreme Court is without jurisdiction, as no amount is

in dispute and there is no fund for distribution in this case, which is merely an appeal from a judgment on a rule against a purchaser at a judicial sale to enforce the right to have a resale a la folle enchere, and the only relief is that the court shall direct that the property be again advertised and offered for sale.

◼ Considering first the question of the jurisdiction of this court, we find that this is a partition suit involving property worth over a million dollars, as shown by the record.

In an action of partition the value of the whole property, and not the value of the share or shares of the litigants, is the test of the jurisdiction of the Supreme Court. Gray v. Gray, 36 La. Ann. 868; Ruthenberg v. Helberg, 43 La. Ann. 410, 9 So. 99; Brown v. Green, 132 La. 1090, 62 So. 154.

As stated, we have already affirmed the judgment ordering the sale of the property to effect a partition, and, considering the value of the property, we have jurisdiction as to the main demand. Const. 1921, § 10, art. 7.

◼ Section 1 of article 7 of the Constitution of 1921 provides: "In all cases where there is an appeal from a judgment on a reconventional or *other incidental* demand, the appeal shall lie to the court having jurisdiction of the *main* demand."

Without a resale of the property it is obvious that a partition cannot be effected. The order for resale, appealed from by plaintiff, is therefore a judgment rendered on an incidental demand necessarily made to complete the partition. As we have jurisdiction of the main demand, the appeal from the judgment on the incidental demand, ordering a resale of the property, lies to this court, under the Constitution.

◼ It is held in Freiberg v. Langfelder, 45 La. Ann. 986, 13 So. 404, cited by defendant, appellant, that two appellate courts cannot have jurisdiction of the same appeal at the same time.

On motion of the appellee in the Freiberg Case, the appeal to the Supreme Court was dismissed for the reason that the appeal taken to the Circuit Court of Appeals, now the Court of Appeal, had been lodged there before the appeal was returned to this court and was still pending there undetermined, and appellant's right was reserved to take a new appeal to the Supreme Court in case the pending appeal in the Circuit Court of Appeals should be dismissed for want of jurisdiction.

We decline to follow that decision in the present case, for the reason that this court has actual jurisdiction of the present suit, and there is no necessity for dual appeals in this case, under the Transfer Act of 1912 (Act No. 19 of 1912). Since we have jurisdiction, we must exercise it. Henry v. Tricou, 36 La. Ann. 519; Pinsky v. Resweber, 49 La. Ann. 246, 21 So. 251.

The Freiberg Case was decided before the adoption of Act 56 of 1904, authorizing either the Supreme Court or the Courts of Appeal to transfer to the other the record brought up through mistake in the jurisdiction, instead of dismissing the appeal.

Later, this act was amended by Act 19 of 1912 so as to authorize the Supreme Court to transfer to the Courts of Appeal any case that might be erroneously transferred to the Supreme Court by the Courts of Appeal, to be there proceeded with as if it had never been transferred to the Supreme Court.

The part of section 1 of Act 19 of 1912 pertinent to the present case reads as follows: "Be it enacted: * * * That in any case otherwise properly brought up on appeal to the Supreme Court, or to any of the

Courts of Appeal throughout the state, the judges of said courts shall have the right, in cases where the appellant or appellants shall have appealed to the wrong court, to transfer said case to the proper court instead of dismissing the appeal, and the court to which said case shall have been transferred, will proceed with the same in the same manner as if said case had been originally appealed to the proper court."

The practice prevailing in this state, prior to the adoption of Act 56 of 1904, the original transfer act, of prosecuting dual appeals from the same judgment of a district court, is no longer necessary, as the appeal may now be transferred to the proper appellate court, should a motion to dismiss be filed because of lack of jurisdiction. Act 19 of 1912.

It is therefore ordered that the motion filed by defendant, appellant, to suspend action in this case, or, in the alternative, dismiss the appeal, be overruled.

### On the Merits.

BRUNOT, J. This is an appeal from a judgment, on a rule, ordering the resale of a tract of land a la folle enchere, at the risk of the defendant, who was the adjudicatee, at a judicial partition sale of the property, but who failed to comply with her bid and accept title thereto.

The property is owned in indivision by the plaintiff and defendant. The former owns two-thirds and the latter one-third thereof. The defendant suspensively appealed to this court from a judgment ordering a partition of the property by licitation. The judgment appealed from was, in due course, affirmed; a rehearing was refused and a certified copy of this court's decree was forwarded to the civil district court, where it was indorsed, "Received July 23rd, 1928," and placed in the original record of the suit in that court.

Appellant questions the validity of the partition sale and adjudication by the auctioneer, for the reason that the decree of this court was not filed in the civil district court and recorded in the judicial record of that court in the manner and as prescribed by law, and she relies upon the text of Code of Practice, arts. 617, 618, 619, 620, and section 475 of the Revised Statutes of 1870, all of which we here quote:

"Art. 617. The execution of judgments belongs to the courts by which the causes have been tried in the first instance, whether such judgments have been affirmed or reversed on appeal."

"Art. 618. Therefore the court of appeal, whether it affirm or reverse the judgment, or whether it has rendered another definitive judgment in the cause, must send the same to the inferior court, in order that it may be executed."

"Art. 619. This judgment cannot even be executed, until it has been recorded in the records of the inferior court which first had cognizance of the cause."

"Art. 620. This recording shall be directed to be made by the party wishing to make use of the judgment, but without any obligation on his part to give previous notice to the opposite party; and the clerks of the district courts shall have the power to receive, file and record, all mandates and decrees rendered by the Supreme Court, and to issue all legal process thereon."

"R. S. Sec. 475. In case of appeal, it shall be their duty [clerks of court] to record the pleadings and judgments as aforesaid, together with the judgment of the parish, district and appellate court, within six months from the filing of the judgment of the appellate court."

Appellant contends that the clerk of the civil district court could do nothing more

than mark the decree "Received" until the plaintiff paid the filing fee and directed that the document be recorded in the judicial records, and until this is done the judgment could not be executed.

■ Appellant's defense is technical. It was relied upon in the case of Alfano v. Franek, 159 La. 498, 105 So. 598. In that case it was held to be without merit upon two grounds which are concisely stated in plaintiff's brief, from which we quote:

"First: That Articles 619 and 620 of the Code of Practice only apply to judgments which order something to be done by the lower court.

"Second: That in any event, the objection urged to the sale could not be set up after the sale had taken place; that it was the duty of appellants to take the necessary steps to prevent the sale; that they could not remain silent, permit the execution of the process to go forward, and then, after the sale, be heard to say that the execution and sale were premature."

Both of the reasons given in the foregoing opinion are sound and applicable to this case, but we prefer to base our opinion herein upon the ground that appellant could not remain silent and permit the execution of the process to go forward, when she could have taken the necessary steps to arrest it, and, after the sale, be heard to say that the execution and sale were premature.

In the Alfano-Franek Case, cited supra, Justice Thompson, the organ of the court, said:

"But there is another principle of law fatal to the appellant's present attack on the judicial sale, and that is this: A sale made under the execution of a writ or process prematurely issued cannot be annulled solely on that ground."

Mrs. Carbajal is a co-owner of the property involved. She was the appellant in the partition suit, and she was the adjudicatee of the property at the partition sale thereof. In all of the proceedings she was represented by exceptionally able counsel.

For these reasons we are not impressed with appellant's contention that she was not aware of the nonrecordation of the decree of this court until after the partition sale. In any event, the fact of the nonrecordation of the decree was as easily ascertainable from the original record of the suit in the court below, before the sale, as it was after the sale. Being a matter ascertainable from the record, appellant cannot now be heard to plead her own laches. We think the judgment appealed from is correct, and it is therefore affirmed, at appellant's cost.