## MITCHAM v. MITCHAM et al.
### No. 5021.

Court of Appeal of Louisiana. Second Circuit.

April 1, 1935.

Case transferred to the Supreme Court.

Goff & Goff, of Arcadia, for appellants.

Bergeron & Rabun, of Farmerville, for appellee.

MILLS, Judge.

Plaintiff alleges the decease of his father and mother; that he and his brothers and sisters, made defendants herein, were in a proper judicial proceeding recognized as the sole and only heirs of their parents and put in possession of their estate in certain proportions; that Joseph J. Mitcham, a third person, also made defendant, is the owner of an undivided one-half interest in a part of the estate; that therefore the parties hereto are the owners in indivision of all the property comprising the estate of decedents; and that he is unwilling longer to so hold the property and desires a partition.

Defendant brothers and sisters admit the right to a partition of the succession proper-ty, but allege that plaintiff has received from the estate $1,081.79, which he should be required to collate in this proceeding; that the other heirs have received amounts aggregating $3,333.22, which they should collate; that after these amounts have been returned to the mass, the partition should be made.

Inventories and appraisements taken in the case show the value of the estate, exclusive of the collations, to be $4,814.41.

Plaintiff moved to strike out all of the allegations of the answer concerning collation on the ground that the judgment putting the heirs in possession, to which all the heirs were parties and in which they have acquiesced, closed the succession. That the parties are now co-owners and not coheirs, and that collation may be demanded only in succession proceedings. The minutes show that this motion was overruled. After due trial on the merits, judgment was rendered sustaining an objection made by plaintiff to the introduction of testimony pertaining to collation, rejecting the demands for collation, and ordering a partition by licitation of the property fully described in the judgment and in proportions therein fixed.

From this judgment, defendants have appealed.

It is perfectly clear that this is an action of partition, either between co-owners, as claimed by plaintiff, or coheirs, as claimed by defendants. The demand for collation could only be asserted in the latter event. It is an incident of the partition of successions governed by the provisions of chapter 12 of title 1, book 3 of the Civil Code governing successions (article 1289 et seq.).

Jurisdiction on appeal from judgments or orders on incidental demands reposes in that court having jurisdiction of the main demand. In an action of partition, the value of the whole property, and not the value of the share or shares of the litigants, is the test of the jurisdiction of this court. Brown v. Green, 132 La. 1090, 62 So. 154; Gentilly Development Co. v. Carbajal, 168 La. 786, 123 So. 325.

Whether in a succession proceeding or an action between co-owners, the property to be partitioned herein is valued at $4,814.41, while the collations demanded aggregate $4,415.01, largely exceeding the maximum jurisdiction of this court, which lack of jurisdiction we are constrained to notice.

It is therefore ordered that this appeal be transferred to the Supreme Court. The clerk

of this court is ordered to transmit the record to the clerk of the Third district court of Union parish that transcript may be made up and filed in the Supreme Court, in keeping with its rules, within thirty days from date hereof.