Plaintiff and defendant were married in the year 1903. They established matrimonial domicile in the City of Monroe, Ouachita Parish, Louisiana, in 1924, and there engaged in the business of undertaking. They established a branch business in the City of Alexandria, Louisiana, in the year 1933, which was under the *Page 78 
exclusive management of the plaintiff. Defendant, in a large measure, managed the Monroe business.
In October, 1934, defendant in the present action instituted suit against plaintiff for absolute divorce on the grounds of infidelity. On trial of rule nisi she was awarded alimony pendente lite at the rate of $50 per month, beginning November 1, 1934, and her prayer for preliminary injunction to prevent the defendant therein from disposing of community property to her prejudice was granted. With regard to the operation of the two funeral homes, the court ordered:
"Said funeral home to be operated as going concern during the pending of this suit; the plaintiff herein to operate the funeral home at Monroe, Louisiana, and the defendant to operate the funeral home at Alexandria, Louisiana; with both parties giving full and complete accounting of the operations of said homes; and for both parties to have full right to issue checks against the respective bank accounts for the purpose of operating said funeral homes."
The divorce suit was voluntarily dismissed by plaintiff on February 2, 1935, and was followed by another by her for separation from bed and board on the ground of abandonment. Judgment in her favor was rendered on March 9, 1935. On this date or about, the parties agreed to continue the two businesses as formerly as partners under the original firm name of "Lamothe Funeral Home" until final divorce was procured or the arrangement terminated by mutual consent.
No reconciliation having taken place between the parties in the interim, on March 21, 1936, defendant herein filed suit for absolute divorce and supplemented same with a demand for alimony. Issue was joined by answer. Final divorce was granted on June 22, 1936, but the demand for alimony was rejected. No appeal was prosecuted from the judgment.
On July 2, 1935, which was after the dissolution of the community between the parties, they effected settlement of their affairs so far as concerned the real estate owned by them jointly in the City of Monroe. Plaintiff herein conveyed to his wife his community one-half interest in said real estate, including the funeral home in Monroe, and the partnership relation theretofore existing between them was then terminated.
In order to know the status of the Monroe business, very soon after the partnership relation was terminated, plaintiff herein employed an auditor to make up and prepare a complete audit of its affairs for the period between November 1, 1934, to June 30, 1935. The report was completed on October 3, 1935, and forms a part of the record.
The present suit was filed on April 7, 1937. Plaintiff briefly alleges the record facts narrated above and avers that he and defendant are the "joint owners of all the household furniture, accounts, judgments and money belonging to the partnership, and which accounts, judgments and money principally arose from the conducting of the business" in Monroe; that on account of the unfriendly attitude of defendant and lack of cooperation on her part with said auditor, he was unable to prepare and submit a full and complete audit but did make up the best report possible under the circumstances which he, plaintiff, has not accepted as being entirely correct because he believes defendant concealed from the auditor material information necessary to the confection of a full, complete and true account of the conduct and operation of said partnership.
Plaintiff also alleges that he no longer is willing to hold said property in indivision with defendant; that after she has made a full and complete accounting, said assets should be sold at public auction to effect a partition. He prays that defendant be ordered to "render a full and complete accounting of her gestion of the affairs of the partnership formerly existing between her and petitioner" and for judgment in his favor for amount shown to be due him as "owner of an undivided one-half interest in said partnership after payment of debts."
Defendant admits that there are some household furniture and effects in her possession, also accounts and judgments formerly owned by the Lamothe Undertaking Company in Monroe, which are now equally owned by plaintiff and herself. She denies that she has concealed from plaintiff or the auditor any information concerning the condition or conduct of the business while she was in charge of it. She charges, as is true, that plaintiff sold out the Alexandria business and has never rendered to *Page 79 
her any accounting of its affairs or disposition of the proceeds of sale, and that he should be ordered to do so. She avers that he owned one-half interest in two patent rights which are community assets; that he is due and owing to her alimony under judgment of the court at the rate of $50 per month from November 1, 1934, to June 22, 1936. She reconvenes for this amount and prays that she be recognized as equal owner of the patent rights mentioned and that plaintiff's suit be dismissed. In the alternative, she prays for judgment ordering plaintiff to render a full and complete accounting of the affairs of the Alexandria business to and including sale thereof.
The court, preliminarily, ordered each party to make up and submit accounts demanded by the other and this, in a way, was done.
After trial judgment was rendered recognizing plaintiff and defendant to be the owners in equal proportion of the following described property, to-wit:
"1. One lot of furniture and household goods as per inventory and admission of defendant.
"2. Cash on hand and deposited in bank as per inventory.
"3. Accounts receivable.
"4. Judgments receivable.
"5. United States patent rights."
In all other respects the money demands of the parties were rejected. The court further ordered a partition by licitation of the above described property and referred the parties to the clerk of court for final proceedings needful to the consummation of the partition.
Plaintiff appealed.
This suit in reality has for its purpose the final liquidation of the community of acquets and gains existing between the parties prior to March 9, 1935, and like liquidation of the partnership arrangement between them after dissolution of the community of acquets and gains.
We have reached the conclusion that this court is without jurisdiction of the subject matter. It is quite clear that the property sought to be partitioned and the amounts in dispute have values in excess of $2,000; and, in addition, this court has no jurisdiction of that portion of the case involving the alimony claim. Constitutional Article VII, Section 11.
The accounts receivable of the Alexandria branch of the business amount to $1,899, while those of the Monroe business aggregate several thousand dollars. The value of the household furniture and patent rights is not shown by the testimony, but these include one Baby Grand piano and other articles of obvious substantial value. Appellant here insists that he should have judgment against defendant for $1,465.82 in addition to recognition of his ownership in the personal property, accounts receivable, judgments and patent rights. Appellee urges her claim to alimony.
"In an action of partition the value of the whole property, and not the value of the share or shares of the litigants, is the test of the jurisdiction of the Supreme Court." Gentilly Development Company, Inc., v. Carbajal, 168 La. 786, 123 So. 325, 326; Brown v. Green, 132 La. 1090, 62 So. 154.
Therefore, for the reasons assigned, and in keeping with the provisions of Act No. 19 of 1912, the appeal herein taken to this court is hereby transferred to the Supreme Court of the state, there to be proceeded with as though the appeal had been originally taken to that court; and appellant is hereby allowed sixty (60) days from finality of this order of transfer in which to lodge transcript in the Supreme Court, and on his failure so to do within this period, the appeal will be deemed for all purposes to have been abandoned. *Page 80