LOTTINGER, Judge.
The plaintiffs, R. J. Alba, Charles G. Alba and Oswald G. Alba, bring this partition suit claiming that they are the owners of an undivided Vis interest each and that the defendant is the owner of an undivided %5 interest of two certain lots or parcels of ground -being described as Lots Nos. 1 and 2, Square No. 22 of the Division of St. John of the Town of Coving-ton, St. Tammany Parish, Louisiana, the property being particularly described in Article 1 of the plaintiffs’ petition.
The plaintiffs set forth their chain oí title and allege they no longer are willing to remain owners in indivisión with the defendant; that the property is indivisible in kind and they accordingly asked for an inventory and appraisement, and the appointment of experts' to determine whether or not said property is divisible in kind. The inventory was taken showing the property to have a value of $2,500, and *388 the experts report the property could not be divided in kind and should be sold to effect the partition.
The defendant denied the claim of plaintiffs’ title and set up full ownership in himself.
The lower court rendered judgment recognizing the plaintiffs herein as the owners in indivisión of a undivided interest each of the property and the defendant as an owner of an undivided %> interest of said property and ordered a partition by licitation of said property, sale to be made by the Sheriff of St. Tammany Parish, to the last and highest bidder for cash, in order to effect a partition.
The defendant has perfected a suspen-sive appeal to this court.
Neither of the parties hereto raised the question of jurisdiction of this court, however, we take the matter into consideration ex proprio motu.
Article 7, § 10, of the Louisiana Constitution provides that the Supreme Court shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2,000 exclusive of interest. The evidence as found in this case discloses the fact that the property in controversy, which is sought to be partitioned is valued at $2,-500, which exceeds our jurisdiction. It is well established in the jurisprudence of this state that in an action of partition the value of the whole property and not the value of the share or shares of the litigants is the test of the jurisdiction of the Supreme Court. See Gray v. Gray, 36 La.Ann. 868; Ruthenberg v. Helberg, 43 La.Ann. 410, 9 So. 99; Brown v. Green, 132 La. 1090, 62 So. 154; Gentilly Development Co. v. Carbajal, 168 La. 786, 123 So. 325 and Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10. It is evident from the above that the value of the property sought to be partitioned exceeds our jurisdictional amount and we are therefore without jurisdiction to entertain this appeal.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby, transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within 60 days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellants are to pay the cost of this appeal in this court; and the remaining costs to await final determination of the matter.
Transferred to Supreme Court.