VICTOR HESTRES *v.* PETER PETROVIC and another.

Where a note is drawn by two persons, who are bound *in solido,* the endorser will be liable after notice, on proof of demand of either, and refusal of payment.

Notice of protest to an endorser who had left the country with the intention of remaining abroad, served on his agent, will bind the former.

As a general principle, an administrator cannot create any liability binding on the estate, though he may, on receiving payment, discharge a debt due to it; and if he discount a note received in payment on the sale of property belonging to the estate, his endorsee will have a claim against him personally, and cannot be compelled to wait for payment in the ordinary course of administration.

THIS was an action before the District Court of the parish of Natchitoches, *Campbell,* J., by the plaintiff against Petrovic and Jean Baptiste Trezzini, on a note drawn by Petrovic and one C. J. Hardy, and endorsed by Trezzini. A judgment by default against Petrovic was not set aside. Trezzini answered by denying all the facts and allegations in the petition, adding that if he endorsed the note, it was in his representative capacity, and that he was therefore not personally liable. The note was endorsed ' J. B. Trezzini, *administrateur.*' There was a judgment against the defendants, *in solido.*

*Carr* and *Pierson,* for the plaintiff.

*Roysden,* for the appellant.

MARTIN, J. Trezzini, one of the defendants, is appellant from a judgment against him as endorser of Petrovic and Hardy. His counsel has assigned for error apparent on the face of the record, that payment was not demanded of Hardy, one of the makers of the note, and that no notice of the protest was ever served on the appellant. The two makers being bound *in solido*, the endorser is liable on the demand of and refusal by either of them. The notice of protest was served on Sampeyrac, as agent of the appellant, who had left the country for Italy. Lamié deposes that the appellant told him that he was going to Italy, and did not intend to return; that he had appointed Sampeyrac as his agent, that he was his *chargé dés affaires*—that he was his general agent during his absence. The notary deposed that the cashier of the bank in handing him the note to be protested, instructed him to give notice to Sampeyrac, the agent of Trezzini; that, accordingly, he called on Sampeyrac, and asked him whether he was Trezzini's agent, and was answered affirmatively; and that on giving the notice, he was instructed if he had any other notices to serve on Trezzini, to hand them to his (Sampeyrac's) clerk. Sampeyrac being examined deposed, that during Trezzini's absence he acted as his agent, and was authorized to collect notes, a list of which was given him; and on his cross examination he stated that at the foot of the procuration Trezzini gave him, he wrote that he owed nothing, and referred to a bundle of receipts. The procuration was to collect and not to pay; he was authorized to furnish the necessary supplies to Trezzini's plantation. Before Trezzini left this country for Italy, he gave public notice of his intended departure for that country. It does not appear to us that the district court erred, in considering the notice as duly served.

It is lastly urged, that the appellant endorsed the note as administrator of the estate of Rachal, and consequently incurred no personal responsibility. As a general principle an administrator cannot create any liability on the estate by his contracts, although he may discharge any debt due to the estate, on receiving payment. If therefore he discount a note which he has received in payment on the sale of any property of the estate, his endorsee has a claim against him personally, and cannot be compelled to wait for payment in the ordinary course of the administration. We do not wish to be un-

derstood as intimating an opinion, whether or not, if a creditor of the estate were to receive from an administrator a note given for the purchase of any property of the estate, the administrator could resist the creditor's claim on him personally, if the note were protested. Nothing shows in the present case, that the transfer of the note had any relation to the affairs of the estate. 5 Martin, N. S., 530. 8 Id., 451. 12 La., 188.

*Judgment affirmed.*