Simon, J.
The defendant, Felix Déjean, is appellant from a judgment which makes him liable personally for the amount of a note of hand which he signed as executor of the estate of the late A. H. Andrus, deceased*
His defence is that the deceased, previous to his death, executed a note for the sum of $ 1360, which was discounted by *17 the plaintiffs, and matured after the death of said Andrus; which note, endorsed by Joseph E. Andrus and T. H. Lewis, was renewed at maturity, and reduced by curtailment to the sum of $1088, for which the appellant furnished a note, as testamentary executor of the deceased ; which last note was curtailed and renewed from time to time by said appellant, in his capacity of executor, until the same was reduced to the amount for which the note sued on was given. He further states, that the plaintiffs were aware of the capacity in which he bound himself ; that he acted in accordance with the wishes of the endorsers, with the consent and approbation of the plaintiffs, and with the understanding of all the parties interested that he should not incur any responsibility resulting therefrom, as he had no motive to become surety for, or to assume the payment of said note.
The evidence establishes the facts pleaded in the appellant’s answer; it shows that said appellant signed the note sued on as executor ; that the deceased made a note in his lifetime, with ■ the same endorsers ; that the said appellant was duly appointed by testament the executor of the estate of the deceased ; that several directors of the Bank of Louisiana who were examined as witnesses, knew that the defendant was Andrus’ executor: that some of them consulted, upon the subject of the effect of his signature as executor; and that, though they seemed to have some doubt about the matter of law, whether the defendant did not, by signing the note as executor, bind himself personally, they considered the endorsers good and discounted the note. It is further admitted, in the statement of facts, that the original note of the deceased to the Bank of Louisiana was for a much larger sum, which he diminished gradually in his lifetime by payments, and renewals for the remainder ; and that, after the death of the drawer, the debt was renewed by notes sometimes signed by the defendant as executor of the estate of A. H. Andrus, and sometimes as executor simply, until finally the debt was reduced to the amount of the note sued on.
It is perfectly clear, that the defendant never acted in this transaction with any idea of becoming bound personally to pay the debt of the deceased, which the latter had contracted towards the plaintiffs in his lifetime. That debt, which the defendant, *18 as executor, subsequently reduced to the amount sued for, by partial payments by him made also as executor, had been contracted in the same manner, and with the same endorsers, towards the same persons, as the one in controversy; nothing was changed in the nature of the obligation. Such as it was at the time of the death of the drawer of the original note, such it is now, except that it is for a smaller sum, and that the name of the testamentary executor of the deceased has been substituted to the signature of the testator. This appears to have been well understood by the plaintiffs, who permitted the curtailments and renewals of the original debt, and who consented to take the new notes, given successively in renewals, with the signature of the defendant as executor of the original drawer. This was not creating a liability on the testator’s estate, it was not even changing the nature of the original obligation of the deceased; the debt existed at the time of his death, and the acts of the appellant cannot be viewed in any other light than as an acknowledgment of said debt which he was perfectly competent to acknowledge. He paid divers sums at different periods as executor. Those sums went to the credit of the succesion which he represented ; they reduced the debt; and the amount of the note sued on may be fairly considered as the balance due on the original note standing against the testator at the period of his death. If the new note had been taken with the defendant’s signature in his own name and not as executor, the case would be different, for then there would have been an apparent novation, and he would not perhaps be allowed to say that he intended to give it as administrator or executor; but, when the object of the contract, the cause from which it originated, and the capacity of the person by whom it is executed, are well known to the party in whose favor it is made, and the facts are brought home to him, we should hesitate very much before throwing upon the obligor a responsibility different from that which was originally intended by all the parties. In the case of Gilleit & Co., v. Heirs of Rachal, (9 Robinson, 276,) we held in substance, that a note given by an executor or administrator, in his said capacity, in renewal of one executed by the deceased in his lifetime, without changing the nature of the obligation, should be considered as an acknowledg *19 ment of the debt, and that such executor or administrator did not thereby incur any personal responsibility. So should it be here, under the circumstances of the case.-
We have repeatedly held that, as a general principle, an administrator cannot create any liability on the estate by'his contracts. Under this principle, as early as the 5 Mart., N. S., 529, in the case of Flower et al. v. Swift, this court said, that an executor could not endorse a note payable to the estate, and that in doing so, the debt or obligation was contracted in his own right. So in 8 Mart., N. S., 451, in the case of Flower et al. v. Swift, the same principle was again recognised, and it was decided that the executor could not bind the estate to pay damages, or even to refund the amount of the.note. So in 2 La. 185, in the case of Russell et al. v. Cash et al. an executor was held personally liable to pay the amount of a draft which he had given as executor, as it was creating a liability on the estate which he had no authority to do ; and, in the case of Heslres v. Petrovic et al., 1 Rob. 119, we decided, that if an administrator discount a note which he has received in payment on the sale of any property of the estate, his endorsee has a claim against him personally, and cannot be compelled to wait for payment in the ordinary course of the administration. The distinction is very obvious. On the one hand, an administrator or executor cannot, in any transaction in which he pretends to act as such, create any liability on the estate, or change the nature of its obligations, or increase its responsibility with regard to its outstanding debts; and if he does so, he will be personally bound. But on the other hand, he may acknowledge the claims due by the succession, (Code Pract. art. 9S5,) pay or reduce its debts in due course of administration, and perform all the other acts necessary for its liquidation. Here, no new debt or liability has been created; the note sued on is merely the evidence of the balance due to the plaintiffs by Andrus’ estate on the original note, which was acknowledged and renewed by the defendant in his capacity of executor ; the nature of the debt is not changed; the parties are the same, and their liability is also the same ; and we think the defendent has been incorrectly made personally responsible for its payment.
T. H. Lewis, for the plaintiffs.
Voorhies for the appellant.
With this view of the question, the only remedy of the plaintiffs as to the liability of the drawer of the note sued on, is against the succession of Abraham H. Andrus, to be exercised in the Court of Probates of the parish where it was open.
It is therefore ordered and decreed that the judgment of the District Court be reversed, and that ours be for the defendant and appellant, with costs in both courts.

 The note sued on in this case is in the following words:
“ Opelousas, November 26th, 1842.
$366.
Twelve months after date I promise to pay to the order of Joseph E. Andrus, at the office of discount and deposit of the Bank of Louisiana, at Opelousas, elected domicil, the sum of three hundred and sixty-six dollars, value received.
F. Dejean, Executor.
Credit the drawer, T. H. L.
(Endorsed)
Joseph E. Andrus.
Thomas H, Lewis.