## Dees, Administratrix, *v.* Tildon et al.

The sale of the property of a succession does not amount to a partition among the heirs and widow in community. The sale is only a preliminary step to a partition; from its proceeds the debts and charges are to be deducted, and the residue is to be divided.

An administrator may be appointed, though the property of the succession has been sold, and a part of the heirs are of age and have accepted unconditionally. For such of the heirs as were minors the succession could only be accepted with benefit of inventory; and in such cases the Civil Code expressly authorises the appointment of an administrator to manage the succession until a partition is made. C. C. 1040.

In an action by an administratrix against the purchaser, for the price of property of the succession sold *per aversionem*, proof of an agreement by the administratrix and the heirs of age to make a deduction from the price in proportion to an alleged deficiency in the quantity, is inadmissible. *Per Curiam:* The sale being *per aversionem*, the administratrix could make no such agreement in her representative capacity; nor could the heirs of full age affect the interests of the minors by such a contract. Any agreement by these parties, would be an obligation personal to themselves.

A co-heir who purchases at the sale of the hereditary effects, is not bound to pay the surplus of the purchase money over the portion coming to him, until his portion has been definitively fixed by a partition. C. C. 1265. But this right is personal to the heir, and does not extend to a purchaser at a succession sale who subsequently acquires the interest of one or more heirs, or has made payments on account of the shares of other heirs. The amount which he will be entitled to receive as the purchaser of the rights of the heirs, being uncertain, and only capable of being determined upon a final partition, after payment of the debts of the succession, cannot be pleaded in compensation of a demand for the price of the property of the succession bought by him, the object of the demand being to collect the assets for legal distribution. On the final liquidation of the succession, the purchaser will be entitled to receive the portions of the heirs acquired by him, and the sums paid by him on account of the shares of others.

In an action for the price of property purchased at the sale of a succession, evidence on the part of the purchaser of payments by him of debts of the succession, is inadmissible. *Per Curiam:* Those debts could only be paid in due course of administration, by authority of the judge, and constitute no offset against the plaintiff's demand. C. C. 1056.

The surety of a purchaser at a judicial sale is not bound *in solido* with the principal.

APPEAL from the District Court of East Feliciana, *Johnson, J.* The facts of this case are stated in the opinion of the court, *infrâ.*

*Z. S. Lyons,* for the plaintiff. 1. There never was any partition of the estate of *Dees.* There is no judgment of partition. *McCullom* v. *Palmer,* 1 Rob. 514. C. C. arts. 1261 to 1291. 2. Courts of Probate have exclusive jurisdiction over all matters concerning successions. 17 La. 238, 248. 15 La. 56. 3. The succession of *Dees,* being in the course of administration, must remain under the control and superintendence of the Court of Probates and its officer. It is apparent that there are creditors, minor heirs, and major heirs, interested. 3 Mart. N. S. 563. 5 La. 386. 17 La. 500. 7 Rob. 27. 4. Heirs and legatees can claim nothing from the succession until there has been a liquidation ef the estate, an account rendered by the administrator, debts paid, commissions and other lawful expenses deducted, and the balance to be paid over ascertained. C. C. arts. 1056 to 1061, 1066. *Harrell* v. *Harrell,* 17 La. 376. 5. The administratrix was without any authority to bind the estate, or to contract so as to diminish its amount. 1 Rob. 129.

*Merrick.* for the appellants. 1. As the widow in community and the major heirs had accepted the succession purely and simply, and had made a partition by a sale of the effects, it was instantly known how much belonged to each: and as they had rendered themselves personally responsible for their virile portion of the debts, so they had acquired their portion of property in the estate absolutely, and it could not be divested, nor could an administrator subsequently appointed,

or any other person, take it from them. The widow in community could only represent her own interest and that of the minor heirs, who alone had the right of administering, with the benefit of inventory, the portion coming to them. C. C. 1002. Had letters of administration been granted to the plaintiff on the succession, the administration would have terminated as to the heirs of age accepting the succession as soon as the partition had been made. C. C. art. 1040. An administration granted after partition cannot confer any power over the portions of the heirs, ascertained to belong to them by the partition. C. C. arts. 1129, 1130, 1042. See also arts. 1046, 1049, 1050 and 1055. Act 15 March, 1828. 2 Mart. N. S. 486. 2. The court below erred in refusing *Tildon* the right to prove, that the administratrix and heirs of full age had agreed to allow him a credit for a deficiency in the quantity of land. 3. The court below also erred in excluding the evidence of payments to the heirs of full age, and the tutor of the minor, and also in excluding the notarial acts of transfer to the defendant, *Tildon*. The heirs of full age who transferred their interest in the succession to the defendant, *Tildon*, by the very act of transfer (if they had not previously done so by making partition,) accepted the succession purely and simply. Civ. Code, 988. *Tildon*, by accepting the transfer made by the heirs to him, becomes *ipso facto* released of so much of the debt, for confusion instantly takes place. Civ. Code, 2214, 2215. 4. The court erred in refusing to allow defendants to prove that there were no debts due by the succession, and that the heirs of full age and widow and tutors had made an arrangement, by which the interests of certain heirs were to be paid and the estate settled. 5. The court below erred, in rendering a judgment, *in solido*, on a contract of suretyship. See C. C. arts. 2089, 3014, 3022. 3 Rob. 258. 6. Should the foregoing positions be overruled, yet the judgment ought to have reserved to the defendant, *Tildon*, the right to claim the payments he has made to the heirs, and the interests he has purchased in the succession.

The judgment of the court was pronounced by

KING, J. This is an action to recover from *Stephen Tildon*, as principal, and *Watkins*, as surety, the price of a tract of land adjudicated to the former at a sale of the property of the succession of *James Dees*. The land has passed into the hands of *Mrs. Tildon*, subject to the mortgage retained in favor of *Dees's* succession, and the plaintiff asks to enforce the judgment prayed for in this suit, upon the hypothecated property in her possession.

The defences set up are, that the succession of *Dees* has been partitioned among his widow and heirs; that it has been accepted purely and simply by the heirs of full age and the widow; that the appointment of the latter as administratrix, after a partition, was irregular, and conferred upon her no authority to prosecute this suit, for more than her share of the community and the shares of the minors. It is further alleged that large payments have been made on account of the price; that there is a deficiency in the quantity of the land, for which the plaintiff, as administratrix, agreed to make a reduction; that the defendant, *S. Tildon*, has purchased the interests of two of the heirs in the succession, and has made payments on account of the shares of two others, which should be imputed to the price; and that he has paid a number of debts of the succession, which should also be compensated against the plaintiff's demand.

The court below rendered a judgment in favor of the plaintiff for the sum claimed, after deducting the payments made on account, and refused to allow, as offsets, the shares of the heirs purchased by *Tildon*, and the debts of the succession paid by him, from which the defendants have appealed. The defendants contend that when a sale of the property of *Dees* was made, the respective portions of the heirs and widow in community immediately became fixed and known, and that this was in effect a partition. The position is clearly untenable. The sale was only a preliminary step towards a partition. From its proceeds are to be deducted the debts and charges, and the residue is to be divided among the

heirs. That debts exist in the present instance is fully shown by the defendant *Tildon* himself, who offers in compensation several which he has paid.

The fact that a sale of the property of the succession had been made, and that a part of the heirs were of full age and had accepted unconditionally, offered no objection to the appointment of an administrator. Several of the heirs were minors, for whom the succession could only be accepted with the benefit of inventory; and in such cases the Code specially authorises the appointment of an administrator, upon whom the management of the succession devolves, until a partition be made among the heirs. Civ. Code, art. 1040. As administratrix, the plaintiff represented the entire succession; and had full authority to collect all its dues, for the purpose of paying the debts and partitioning the residue, if any, among the heirs, or their representatives.

The court below refused to admit of proof of an agreement of the heirs of full age and the plaintiff, to make a deduction from the price of the land proportioned to an alleged deficiency in the quantity, to which the defendants excepted. The court did not, in our opinion, err. The sale was *per aversionem*, and the administratrix was without authority to make such an agreement in her representative capacity, for a reduction of the price; nor could the heirs of full age affect the interests of the minors by such a contract. Any agreement made by these parties, is an obligation personal to themselves. 8 Mart. N. S. 451. 1 Rob. 119.

*Tildon* offered testimony to show, that he had purchased the interests of two of the heirs in the succession, and that he had made payments to two other heirs, of the supposed amount of their inheritances, with a view of applying the sums thus paid towards the extinguishment of the plaintiff's demand. The evidence was rejected, and we think correctly. The co-heir of age, who purchases at the sale of the hereditary effects, is not bound to pay the surplus of the purchase money, over the portion coming to him, until his portion has been definitively fixed by a partition. C. C. art. 1265. This right is personal to the heir, and does not extend to the purchaser at a succession sale, who subsequently acquires the interest of one or more of the heirs. The amount which the defendant will be entitled to receive in his representative capacity is uncertain; it can only be determined upon a final partition, after the payment of the debts, and cannot be offered in compensation against the demand of the plaintiff, the object of which is to collect the assets for legal distribution. C. C. 1066. On the final liquidation of the succession, the defendant will be entitled to receive the portions of the heirs whom he represents, and the sums which he has paid on account of the shares of others.

Evidence offered by the defendant to show the amount of debts which he had paid for the succession, was also excluded. The judge did not, in our opinion, err. Those debts can only be paid in a due course of administration, with the authority only of the judge, and constitute no offset against the plaintiff's demands. C. C. art. 1056.

The judgment of the court below is *in solido*, against *Tildon* and *Watkins*. In this respect it is erroneous, and must be corrected. The obligation of these parties is not joint and several.

It is therefore ordered, that the judgment of the court below be amended, so that, instead of a judgment *in solido* against the defendants S. *Tildon* and *Watkins*, there be judgment against said *Tildon*, as principal, and said *Watkins*, as surety, and in other respects that said judgment be affirmed; the appellee paying the costs of this appeal, and the appellants those of the court below.