196 So. 10

## HOLLINGSWORTH v. CALDWELL et al.

### No. 35447.

April 1, 1940.

Rehearing Denied April 29, 1940.

Heard & Heard, of Monroe, for plaintiff-appellant.

Robert McGehee, of Downsville, and James H. Trousdale, Jr., of Monroe, for defendants-appellees.

PONDER, Justice.

This is an appeal from a judgment refusing to homologate a partition proceeding and ordering a new sale to be held.

The plaintiff owned an undivided one-half interest in a tract of land in the Parish of Ouachita. The other undivided one-half interest in the land was owned by Mrs. Ivy M. Caldwell, Mrs. Ruby M. Hollingsworth, Mrs. Pearl M. Staples, Mrs. Eva M. Tippitt and D. R. Mims in the proportion of one-fifth each or, in other words, they were owners of a one-tenth interest each in the entire tract of land. The plaintiff instituted suit against the co-owners seeking a partition by licitation. The property was inventoried and appraised at $2,628.50. The defendants, co-owners, did not answer the suit and the plaintiff in due course, upon confirmation of default, obtained judgment ordering the property to be sold at public auction to the last and highest bidder for cash, regardless of appraisal. The judgment provided that the mortgage creditors be referred to the proceeds of the sale in the hands of the notary. The judgment also provided that all parties to the suit be referred to the notary for the purpose of completing the partition. The judgment further provided for attorneys' fees in the sum of $50. This judgment was rendered on October 6, 1938. At the sale in pursuance to the judgment the plaintiff, being the last and highest bidder, bid in the property for the sum of $115. The sheriff, in pursuance to the adjudication, executed a deed to this property to the plaintiff on December 28, 1938. After paying the attorneys' fees and cost of court the sheriff delivered the balance of $4.10 to the notary, who apportioned this sum in accordance with the interest of the co-owners, by allotting to the plaintiff one-half of the amount, $2.05, and by allotting to each of the five defendants, co-owners, a one-tenth interest or 41¢ each. On February 14, 1939 a rule issued at the instance of the plaintiff for the homologation of the proceedings and the cancellation of the encumbrances against the property. Two of the co-owners, Mrs. Pearl M. Staples and Mrs. Eva M. Tippitt, refused to accept their portion of the proceeds derived from the sale and the amount was deposited in the registry of the court. The two co-owners who had refused to accept their portion of the proceeds sought by answer to the rule to annul the sale of December 24, 1938 on the ground that the sale was procured through the fraud and false representations of the plaintiff. The trial court rendered judgment homologating the proceedings. Upon application of the defendants, Mrs. Staples and Mrs. Tippitt, a rehearing was granted and upon hearing of same the trial court rendered judgment setting aside its former judgment, homologating the proceedings, and ordered the property to be sold anew at public auction to the last and highest bidder for cash, regardless of appraisement, according to the terms set forth in the judgment of October 6, 1938. The minutes of the court of date May 11, 1939 contains the oral reasons given by the trial court for judgment, viz.:

"The Courts of Louisiana being both courts of equity and law, and the sale of this property being made under the supervisory power of the Court, and it being necessary for the Court to confirm and homologate the sale, the Court is of the

opinion that the inadequacy of the price bid at the sale is so gross that it grants a rehearing on the rule to confirm, and does now refuse to confirm said sale for the above reasons; further orders the sale set aside and directs the Sheriff to sell the said property in accordance with the judgment in this matter dated October 6th, 1938, without benefit of appraisement, according to law."

The plaintiff has appealed.

Counsel for the appellant contends that the district court erred in setting aside the partition sale and ordering the property to be resold.

■ We have recently reviewed the Articles of the Civil Code and the jurisprudence of this State with reference to the character and effect of a partition sale in the case of Wetherbee v. Lodwick Lumber Company, Inc., et al., 194 La. 352, 193 So. 671. It was pointed out that a sale made under the mandate of the court to effect a partition is of the same nature and character as other judicial sales and is governed by the same rules. It was pointed out that the judgment ordering the sale to effect a partition becomes executory ten days after it is signed and that after the expiration of the delay for a suspensive appeal, while the party cast has the right to a devolutive appeal within one year, all power to oppose or prevent the execution of the judgment is lost. If the party cast fails to protect his rights by suspending the execution of the judgment in the manner prescribed by law, the court can not undo what has already been done by virtue of the judgment while it was executory.

It was pointed out therein that such a sale in pursuance of a mandate of court transfers the property as completely as if the owner had sold it himself, citing Article 2620, R.C.C. A judgment ordering a partition or the sale made thereunder can not be collaterally attacked. Bayhi v. Bayhi, 35 La.Ann. 527.

■ Counsel for the appellees takes the position that there is no expressed law governing partition sales and the court is bound to proceed and decide according to equity, citing Article 21, R.C.C. In the case of Wetherbee v. Lodwick Lumber Co., supra, we reviewed the various Articles of the Civil Code and the jurisprudence of this Court touching judicial sales and pointed out the expressed law governing them. The counsel also cites various sections of Corpus Juris which it is unnecessary for us to recite or discuss because they are inapplicable.

■ Counsel for the appellees contends that the defendants had the right to question the validity of the partition sale on the rule filed by the appellant to homologate the partition, citing Articles 1374, 1375 and 1376, R.C.C. These Articles deal with the partition itself and not the sale made to effect the partition. The sale of property to effect a partition is but a preliminary step to the partition itself. The partition in such a case consists in the division of the proceeds. Dees, Administratrix v. Tildon et al., 2 La.Ann. 412; Bickham v. Pitts, 185 La. 930, 171 So. 80.

For the reasons assigned, the judgment appealed from is reversed and set aside and the judgment homologating the parti-

tion rendered on April 13, 1939 is reinstated. The cost of this appeal to be paid by the defendants, appellees.

O'NIELL, C. J., is of the opinion that the judgment appealed from should be affirmed.