HERGET, Judge.
From a judgment of the Trial Court of date June 22, 1962 in favor of Lois L. De-vall and against James R. Devall ordering Defendant to deliver to Plaintiff, in accordance with law, Tract 317, Kildare, Section 3, situated in East Baton Rouge Parish, Louisiana, with improvements, Defendant prosecutes this devolutive appeal.
Plaintiff and Defendent were married. However, by judgment rendered January 13, 1961 and signed March 24, 1961 the parties were judicially separated from bed and board. Subsequently, Mrs. Devall provoked a partition by licitation of the community property, Tract 317, Kildare, and on August 2, 1961 she purchased the property at Sheriff’s Sale and became the sole owner. On November 30, 1961 the proceeding was instituted from which this appeal was taken wherein Mrs. Devall sought the eviction of her estranged husband from the permises. Defendant filed exceptions of no cause and no right of action and an answer in the form of a general denial. The Trial Court overruled the exceptions and on June 18, 1962 rendered judgment ordering Defendant to deliver immediate possession of the property to Mrs. Devall.
Defendant’s counsel, in his argument before this Court, seeks to have the Court resort to equity and restore the parties to the position they were prior to the Sheriff’s Sale on his contention that immediately prior to the Sheriff’s Sale Defendant became incapacitated and was hospitalized and notice of his circumstances was communicated to attorneys for Plaintiff, despite which fact the Sheriff’s Sale was not delayed and the property was adjudicated to Plaintiff. The record reveals prior to his entering the hospital Defendant had notice of the date and hour of the Sheriff’s Sale. He was released from the hospital the morning of the sale and with his attorney arrived at the Parish courthouse a short time after the adjudication had there taken place. No fraud is charged, nor is there any intimation that any agreement was made that the sale would not take place at the appointed time pursuant to the advertisement thereof in a daily newspaper, the official journal for such publications relating to sales in the City of Baton Rouge and Parish of East Baton Rouge; nor was any attempt made to deprive Mr. Devall or a representative of his to be present at the sale. He had ample time and sufficient notice prior to his being hospitalized to employ counsel to be present at the sale. However, ho attempt was made to enjoin the sale, nor did he appeal suspensively from the judgment ordering the sale to effect a partition. If Defendant *116 had had legal grounds on which to delay the sale, remedies were open to him for that purpose. His attempt to have this Court invoke the equity jurisdiction to set aside the sale would result in a collateral attack on the sale. In Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10, the Supreme Court said: “ * * * A judgment ordering a partition or the sale made thereunder can not be collaterally attacked. Bayhi v. Bayhi, 35 La.Ann. 527.” Thus, we are not permitted to resort to equity.
Secondly, Defendant maintains the wife is not permitted to sue the husband from whom she is not divorced for an eviction.
LSA-R.S. 9:291 provides:
“As long as the marriage continues and the spouses are not separated judicially a married woman may not sue her husband except for:
“(1) A separation of property;
“(2) The restitution and enjoyment of her paraphernal property;
“(3) A separation from bed and board; or
"(4) A divorce. Added Acts I960, No. 31, § 2.” (Emphasis supplied)
Inasmuch as the record reveals the parties were judicially separated prior to the institution of the present proceeding, there is no prohibition in our law preventing the wife from instituting such action. We observe, however, even when the spouses are not judicially separated a married woman may sue her husband for the restitution and enjoyment of her paraphernal property. As, following her purchase at Sheriff’s Sale, the property from which Defendant was ordered evicted became the paraphernal property of Plaintiff, the order was essential to accomplish the enjoyment thereof by Plaintiff.
For these reasons the judgment is affirmed.