HOOD, Judge.
Plaintiff, Edward D. Barnes, instituted this suit against William Robert Perkins and Ralph C. Perkins for a partition of a tract of land which was owned by the parties in indivisión. A partition by Imitation was ordered, and after the property had been sold a notary public was appointed to disburse the proceeds of the sale. Plaintiff filed an opposition to the proposed distribution of funds, as shown in the notary’s proces verbal. After trial, judgment was rendered by the trial court dismissing plaintiff’s opposition, homolo-gating the proces verbal filed by the notary and ordering that the funds be distributed in accordance with the proposal contained in that proces verbal. Plaintiff had appealed from that judgment.
At the time this suit was instituted, plaintiff and defendants were owners in indivisión of a 40-acre tract of land located in Calcasieu Parish, Louisiana. Plaintiff owned an undivided one-fourth interest in this property, exclusive of the minerals (all of the mineral rights attributable to this one-fourth interest being owned by the State of Louisiana, in perpetuity). The remaining undivided three-fourths interest in the 40-acre tract, including all of the mineral rights attributable to that interest, was owned by the defendants. No mineral lease affecting the property was in existence at the time the suit was filed or at the time of the sale, and there had been no production of or exploration for . minerals on the property prior to the above mentioned dates.
On September 28, 1964, plaintiff instituted this suit for a partition of that tract of land. Pursuant to an agreement entered into by the parties at a pre-trial confer^ ence, the court appointed two expert real estate appraisers to value the property and to report as to whether it could be divided in kind. These appraisers submitted a formal report to the court, advising that in their opinion the property is not judicially divisible in kind. With reference to the value of the property, the appraisers reported:
“We might further state that we have examined sales of more or less comparable properties in the area, and are of the opinion that value of the whole property is $400.00 per acre with the minerals. As a separate estate, our estimate of the mineral value is approximately $75.00/acre.”
It is clear that the appraisers appointed by the court valued the land at $400.00 per acre “with the minerals.” As a separate és- *326 tate, they valued the minerals at $75.00 per acre. Their report shows, and an exhibit attached to that report confirms, that in their opinion the land has a value of $400.00 per acre if the minerals are included, but that it has a value of only $325.00 per acre without the minerals.
After trial of the case on the merits, judgment was rendered by the trial court decreeing that the property is not judicially divisible in kind, directing that there be a partition by licitation and ordering a judicial sale of the property for that purpose by the Sheriff of Calcasieu Parish. In that judgment, the court specifically recognized that the State of Louisiana owns an undivided one-fourth of the minerals in, on and under such property, and it decreed that “the sale of the property will not include a sale of the mineral interest owned by the State of Louisiana.”
Pursuant to that judgment, the full fee title to the 40-acre tract, less and except the one-fourth interest in the minerals which were owned by the State of Louisiana, was sold by the Sheriff at public sale on June 15, 1966. At that sale the property was adjudicated to the defendants, William Robert Perkins and Ralph C. Perkins, for the sum of $15,400.00, the defendants being the last and highest bidders at the sale. Defendants retained three-fourths of the purchase price and they paid to the Sheriff the sum of $3,850.00, in cash, that being one-fourth of the amount of their total bid. This payment, however, was made with the specific reservation that “all rights are reserved relative allocation of the adjudication price to surface and mineral interest ownerships.”
After the sale had been completed, the court appointed a notary public to complete the partition and to disburse the proceeds of the sale. In due course, the court-appointed notary filed a “Proces Verbal of the Proceedings to Complete the Sale By Licitation” and in this proces verbal he proposed to distribute the net proceeds of the sale in the proportions of 21.312 percent to plaintiff and 78.688 percent to defendants. The costs amounted to $385.43, and the notary thus proposed that the sum of $3,850.00 which had been paid to the Sheriff be disbursed as follows:
Total costs and charges to date $ 385.43
To Edward D. Barnes 3199.91
To William Robert Perkins 132.33
To Ralph C. Perkins 132.33
TOTAL $3850.00
The notary reasoned that plaintiff’s one-fourth interest in the 40-acre tract was equivalent to the ownership of 10 acres, and that since plaintiff did not own any of the mineral rights attributable to that interest in the property the appraised value of his interest was $325.00 per acre, or a total of $3,250.00 He concluded that the defendants’ three-fourths interest in that tract was equivalent to the ownership of 30 acres, and that since they owned all of the mineral rights attributable to that interest in the land the appraised value of their interest was $400.00 per acre, or a total of $12,000.00. According to the notary’s figures, the total appraised value of the property which was sold at Sheriff’s sale (40 acres less and except one-fourth of the mineral rights) is $15,250.00. Since the appraised value of plaintiff’s interest is $3,250.00 and the appraised value of the property sold is $15,250.00, the notary computed that plaintiff is entitled to 21.312 percent of the net proceeds of the sale, and that defendants are entitled to 78.688 percent of those net proceeds.
Plaintiff filed a petition formally objecting to the proces verbal, and demanding that judgment be rendered “nullifying the previous sale and ordering an additional sale to be conducted by the Sheriff with separate bids being taken on minerals, as well as land.” As the principal ground for these demands, plaintiff alleged that the purchasers at the partition sale did not submit a separate bid for the minerals and *327 that “there is no evidence as to the amount bid for land, or the amount bid for minerals.” As we have already noted, the trial judge dismissed plaintiff’s opposition and ordered that the funds be distributed in accordance with the proposal contained in the proces verbal. It is from this last judgment that plaintiff has appealed.
On this appeal, plaintiff contends primarily that the judgment appealed from should be amended to decree that he is entitled to one-fourth of the net proceeds of the sale, or the sum of $3,753.64. Alternatively he contends that the sale should be annulled and that another sale should be ordered.
We will dispose of plaintiff’s alternate demand first, i. e. that the sale should be annulled and that another sale should be ordered. We find no merit to that demand. A sale made under the mandate of the court to effect a partition is of the same nature and character as other judicial sales. In the instant suit, the judgment rendered on the merits by the trial court on May 4, 1966 (ordering a partition by licitation and directing that the 40-acre tract, less one-fourth the minerals, be sold at public sale) is a final judgment, and the delays for taking a suspensive or a devolutive appeal have elapsed. Plaintiff did not appeal from that judgment, and he did nothing to enjoin or to avoid the sale which was ordered by the court. The objection which he filed to the notary’s proces verbal on January 26, 1967, constitutes at least in part an attempt to collaterally attack the original judgment which has become final. We hold that he does not have the right to collaterally attack that judgment, and that his objection must be dismissed insofar as it demands that the sale be annulled. Bayhi v. Bayhi, 35 La. Ann 527; Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671 (1940); Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10 (1940); Devall v. Devall, 153 So.2d 114 (La.App. 1st Cir. 1963).
We now turn to plaintiff’s principal demand on this appeal, i. e. that the judgment appealed from be amended to award plaintiff one-fourth of the net proceeds of the sale, instead of 21.312 percent as proposed by the notary and ordered by the trial court. Plaintiff argues that the trial judge erred in homologating the notary’s proces verbal because: (a) The appraisers had not been requested to value the minerals separate from the land; (b) the appraisers were not qualified to value mineral rights; (c) the minerals cannot be considered in determining the proportionate interest of each party in the proceeds of the sale because separate bids were not obtained for the minerals as distinguished from the land; and (d) the burden is on defendants to show what proportion of the price was paid for' mineral rights as distinguished from the fee title to the land and defendants have failed to meet that burden of proof.
The record shows that in appointing the appraisers the trial judge specifically notified them of the fact that the State of Louisiana owns one-fourth of the minerals in the property, and he directed them to make an appraisal and to give their views as to the possibility of division in kind. It is obvious from the appointment and from the instructions given by the judge that the appraisers were to consider the mineral rights in making their appraisals. We think their appraisal of the minerals separately from the fee title to the land was proper, it was in compliance with the instructions given to them by the court, and it was essential in appraising the respective interests of the parties in the property which was to be sold.
There is nothing in the record which suggests that the two court-appointed appraisers were not qualified to value mineral rights. On the contrary, the record indicates that at the time the appraisal was. made and at the time of the sale all parties considered them to be competent to make such a valuation. At the trial of the case on its merits the report *328 of the appraisers was filed in evidence as a joint offering of all parties, without objection and with a stipulation that the report itself would be sufficient and that the appraisers need not be called to testify. The report contained an appraisal of the mineral rights separate from the appraisal of the land, and plaintiff made no objection to the report. Also, the objection which plaintiff filed to the notary’s proces verbal contains no allegation to the effect that the appraisers were not qualified to value mineral rights or even that the valuation which had been placed on the mineral rights or land was incorrect. And, in the trial of that objection no evidence was offered by plaintiff to show that the appraisers were unqualified to make such an appraisal or that the value they placed on the minerals as compared to the land was wrong. The trial judge and the parties apparently considered the appraisers competent to value mineral rights at the time of the sale, and plaintiff has never alleged or proved that they were not competent to do so. We conclude that they were competent to make such an appraisal.
The judgment which was rendered by the trial court ordering a partition by licitation decreed that the 40-acre tract, less one-fourth of the minerals, was to be sold. It did not order that two sets of bids be received, one for the minerals and the other for the land exclusive of minerals. That judgment has become final, and the sale was conducted exactly as ordered by the court. It is true that if separate bids had been received the evidence may have been more definite as to how the proceeds of the sale should be distributed. But the fact that separate bids were not received does not mean that the minerals cannot be considered in determining the proportionate interest of each party in the proceeds of the sale.
In the trial of this case on its merits the report of the appraisers, introduced in evidence as a joint offering, constituted at least prima facie proof that the value of plaintiff’s interest in the property was 21.312 percent of the value of all the property which was to be sold. Plaintiff has produced no evidence tending to contradict that report. The notary based his proposed disbursements on that report, and we find no error in the judgment rendered by the trial court homologating the notary’s proces verbal and directing that the proceeds be disbursed as proposed in that proces verbal.
Plaintiff argues, finally, that “since the purchasers, who were defendants in this action, are seeking to get a reduction of the amount paid to plaintiff, for mineral rights, then the burden is on them to show how much was paid for mineral rights.” He contends that defendants have failed to meet that burden of proof, and thus that they are not entitled to the reduction which they seek. He refers us to the case of Barthold v. Dover, 153 So. 49 (La.App.2d Cir. 1934), as authority for that argument.
In Barthold v. Dover, supra, the defendants had purchased several tracts of land at a tax sale. Plaintiffs sued to annul the tax sale only insofar as it purported to convey to defendants the minerals on a 20-acre tract of land. The appellate court, reversing the trial court, annulled the tax sale insofar as it affected the mineral rights in the 20-acre tract. The defendants, however, had filed a reconventional demand alleging that they had paid the sum of $5.75 as the purchase price of this 20-acre tract, and contending that since the tax sale was being annulled insofar as the mineral rights on the tract was concerned they were entitled to judgment against plaintiffs for that amount. The Court of Appeal rejected that reconventional demand, assigning as reasons therefor the following:
“The taxes paid by defendants were upon the whole property, including both *329 the surface and mineral rights. As we can annul the tax sale only as to rights of these plaintiffs, the former owners of the surface rights not being before the court, the burden is upon the defendants to show what proportion of the price was paid for the mineral rights. This not being done, perhaps for the reason that it is impossible, we cannot give him judgment.”
The Barthold case clearly is not applicable here. In that case the purchasers at a tax sale wre attempting to obtain a reduction of the purchase price which they had paid because they contended that they did not receive all of the property which they paid for. In the instant suit the defendants, who were the purchasers at the partition sale, are not attempting to obtain a reduction of the purchase price. They received all of the property which was sold, and they do not contend that there was a deficiency. The issue presented here relates solely to how the proceeds of the sale are to be distributed. We hold that under the circumstances presented here defendants are not required to show that a specific portion of the purchase price was paid for mineral rights as distinguished from the land.
We think the proces verbal prepared and filed by the notary correctly analyzes the interest of each party in the proceeds of this sale. The proposal for the disbursement of the proceeds, as shown in that proces verbal, is in complete accord with the evidence, and we find no error in the judgment appealed from homologating that proces verbal and ordering that the funds be distributed in accordance therewith.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.