SANDERS, Chief Justice.
The issue to be determined here is the validity of a judicial sale of immovable property to effect a partition under a commission prematurely issued ordering the sale of the property.
Having been stipulated by the parties, the facts are not at issue. Plaintiffs brought suit for partition by licitation of property they owned with defendants. Three of the defendants in the partition suit had personal service; the others received domiciliary service.
*1281 Defendants in the partition suit filed no pleadings, and, on June 21, 1974, a preliminary default was entered against all defendants. On November 5, 1974, the default was confirmed. No notice of the default judgment was served on any defendant.
On the same day the default judgment was signed, the plaintiffs sought to execute the judgment, and they had the clerk of court issue a commission to the sheriff to sell the property.
After advertisement, the property was sold at public auction for $40,000, on December 11,1974, to Numa Guidry, Robert J. Guidry, and Dick J. Guidry.
The defendants filed opposition when the partition came on for homologation. After a hearing on September 20, 1976, the trial court set aside the judicial sale in the partition suit; denied the homologation of the partition; affirmed the validity of the judgment of partition; and denied defendants’ motion for a new trial.
Plaintiffs suspensively appealed, and the Court of Appeal affirmed the district court judgment. 345 So.2d 157 (1977). On application of the plaintiffs, we granted writs to review the judgment insofar as it set aside the judicial sale. La., 346 So.2d 714 (1977).
After a careful review of the law and the proceedings in this case, we have determined that the lower courts erroneously invalidated the judicial sale.
The lower courts found the judicial sale invalid because the defendants who received domiciliary service were not served with the notice of the default judgment required by Louisiana Code of Civil Procedure Article 1913, which provides in pertinent part:
“Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service.”
On the basis of this article, the lower courts found that the delays for application for a new trial and the taking of a suspen-sive appeal did not begin to run against those defendants who received only domiciliary service until such time as they were served with notice of judgment required by the article. LSA-C.C.P. arts. 1913, 1974, 2087, 2123. Thus, the judgment while valid was not final as to those defendants.
The sale of property to effect a partition is merely a preliminary step to the partition itself. In reality, the partition is the division of the proceeds from the sale of the property. Hollingsworth v. Caldwell, 195 La. 30, 196 So. 10 (1940); Bickham v. Pitts, 185 La. 930, 171 So. 80 (1936); Dees v. Tildón, 2 La.Ann. 412 (1847). By their rule opposing the homologation of the partition, defendants attacked both the judgment of the partition and the judicial sale. In its judgment of September 20, 1976, the district court upheld the validity of the partition judgment; annulled the sale because of lack of notice to some defendants; and denied defendants’ motion for a new trial. Defendants did not appeal this judgment. Thus, the judgment became final insofar as it upheld the validity of the partition judgment. LSA-C.C.P. arts. 1974, 2087, 2123.
In the present case, despite defendants’ contention that, due to their lack of notice of the judgment of default, they were unable to attack the judgment of partition and sale, such is not the case. The defendants were allowed to attack the judgment of partition and sale in their opposition of the homologation. At that point, the judgment of partition was upheld, and defendants chose not to appeal. That portion of the judgment declaring the partition valid became final.
It is a well-settled principle of law in our jurisdiction that a judicial sale made under a writ or process prematurely issued cannot be annulled solely on the ground of prematurity. Gentilly Development Co. v. Carbajal, 168 La. 786, 123 So. 325 (1929); Alfano v. Franek, 159 La. 498, 105 So. 598 (1925); Wheeling Pottery Co. v. Levi, 48 La.Ann. 777, 19 So. 752 (1896); Regan v. Washburn, 39 La.Ann. 1071, 3 So. 178 (1887). As to the present sale, the failure *1282 of notice became a mere irregularity which was cured by expiration of the time in which defendants could have taken a sus-pensive appeal. LSA-C.C.P. arts. 1974, 2087, 2123.
For the reasons assigned, that portion of the judgment of the Court of Appeal affirming the Seventeenth Judicial District Court’s judgment setting aside the judicial sale in the partition suit and denying the homologation of the partition is reversed, and the case is remanded to the Seventeenth Judicial District Court, Parish of La-fourche for further proceedings consistent with law and the views herein expressed.