CHEHARDY, Judge.
This is an appeal from a judgment ordering partition by licitation. The suit for partition was instituted by Cecile Dornier Jacob against 12 defendants, all of whom she alleged own undivided interests with her in two adjacent lots fronting on River Road in St. James Parish. She alleged that she and the defendants, all of whom are her siblings and/or nieces and nephews, inherited ownership of the lots through the successions of Joseph B. Dornier and Julie Diehar-ry Dornier, under proceedings in St. James Parish. Plaintiff sought partition by licitation, alleging the property was too small to be divided in kind.
Seven of the defendants responded with a dilatory exception of prematurity, on the ground the property could not be partitioned because no judgment of possession had been rendered in the above-mentioned successions. This exception was overruled by the district court.
*652 Thereafter plaintiff filed requests for admissions, seeking to establish the following:
1. That Joseph B. Dornier was married to Julie Dicharry Dornier, both of whom are now deceased;
2. That the following children were born of their marriage: Joseph Boniface Dornier, Jr.; Marie Louise Dornier; Louis Armand Newton Dornier; Marie Louise Julie Dornier, also known as Sister Alberta; Marie Melanie Estelle Dornier Laeour; Cecile Marie Dornier Jacob; Joseph Leon Russell Dornier; Marie Margaret Gladys Dor-nier Benson; Joseph Henry Bartlett Dornier; Joseph Roger Richard Dor-nier; and Joseph Garland Dornier;
3. That Joseph Boniface Dornier, Jr., is deceased but was married to Gertrude Ledet Dornier and had three children: Yvette Theresa Dornier Clothier, Joseph Bartlett Dornier and Albert Neil Dornier;
4. That Marie Louise Dornier died prior to the demise of her aforementioned parents; and
5. That Louis Armand Newton Dornier is deceased but was married to Rowena Cardone Dornier and of this marriage two children were born: Ariet-ta Ann Dornier Averette and Elizabeth Dornier Evans.
These requests were answered in the affirmative by two of the defendants. The others filed no responses; therefore, the requests are deemed admitted by them pursuant to LSA-C.C.P. arts. 1467 and 1468.
At trial on the merits, most of the testimony was directed to whether partition by licitation was necessary. Plaintiff’s expert witness, a local real estate agent, testified the property would lose value if partitioned in kind, because that would require dividing it up into small parcels.
The district court rendered judgment in favor of plaintiff, ordering a partition by licitation. The judgment ordered that a sale by public auction be conducted by the parish sheriff, and further it appointed a notary to effect the partition.
In his written reasons for judgment, the trial judge stated:
“Defendants, in their post trial memorandum, and without having made them part of the record during the trial, refer to Probate No. 3913, Succession of Julie Dicharry Dornier and Probate No. 2772, Succession of Joseph B. Dornier both of the probate docket for the Parish of St. James, as authority for their contention that a partition by licitation as prayed for herein in this matter is improper.
“This court does not agree. There has been no showing whatever on the part of the defendants that the co-heirs of the late Joseph B. Dornier and his late wife could not be sent into possession. It was judicially admitted in the pleadings herein that the plaintiff and defendants are the only heirs of the decedents. An examination of these two probate files above referred to (assuming that these two matters are properly before the court) does not reveal where either succession is presently under the administration of duly appointed and qualified administrators. Additionally there has been no showing nor do the files contain evidence of a need to place either succession under administrator. This court concludes that where the heirs can be sent into possession, as in this case, it is not required that they in fact be placed in possession before a partition, in kind or by licitation, can be prayed for by one or all heirs of the decedents. Succession of Roberts, 255 So.2d 610, 611 (1st Cir. 1971).”
In addition, he said:
“The plaintiff produced uncontradicted evidence that the property hereinafter described cannot be conveniently divided in kind.
* * * * * *
“ * * * [I]t is the finding of this court that the property belonging to the plaintiffs and defendants cannot be divided in kind without resulting in a diminution of its value.”
*653 The judgment was rendered on May 5, 1982. On June 16, 1982 the property was sold at public auction for $54,500. After paying the costs of the sale from the gross proceeds, the sheriff disbursed $51,961.70 to the notary appointed to effect the partition.[1]
On June 28, 1982 the seven defendants who are the appellants herein were granted a devolutive appeal from the judgment of May 5. On July 13, 1982 the notary deposited the net proceeds of the sale into the registry of the court pending determination of this appeal.
The parties have admitted in their pleadings that the successions through which they derive their ownership interests have been judicially opened. Accordingly, LSA-C.C.P. art. 3462 controls their right to a partition of the succession property. That article provides:
“When a succession has been opened judicially, the coheirs and legatees of the deceased cannot petition for a partition of the succession property unless they could at that time be sent into possession of the succession under Articles 3001, 3004,3006, 3061, 3361, 3362, 3371, 3372, or 3381.”
The language of the article clearly places on the party or parties seeking partition of a judicially-opened succession the burden of proving they could be sent into possession at that time, although they need not already have obtained a judgment of possession. Thus, the trial judge erred in placing the burden of proof on the defendants.
The petitioners in such a case must plead and prove every fact which would entitle them to a judgment of possession under the applicable codal articles. These facts must establish, among other things, the following:
That all inheritance taxes due have been paid or that no such taxes are due (LSA-C.C.P. art. 3061); 1.
2. In an intestate succession without an administration, that all the competent heirs accept the succession unconditionally; that the succession is relatively free of debt, or at least that none of the creditors have demanded its administration; all facts on which the jurisdiction of the court is based; and all facts showing that the petitioners and the incompetent heirs, if any, are the sole heirs (LSA-C.C.P. arts. 3001, 3002, 3004, 3005);
3. In a testate succession without an administration, that the testament has been probated; that all competent residuary legatees accept the succession unconditionally; and that none of the creditors have demanded its administration (LSA-C.C.P. art. 3031); and
4. In successions under administration, the administrator must be allowed an opportunity to show cause why the heirs should not be placed in possession (LSA-C.C.P. arts. 3361, 3371).
The plaintiff here has established that the decedents, Joseph and Julie Dornier, were married to each other and had 11 children of that marriage; that three of these children predeceased the decedents; and that two of the three predeceased children were survived by forced heirs. She has failed to allege affirmatively or to prove, however, that these are the sole heirs; she has not negated the possibility of heirs of another marriage or illegitimate or adopted heirs. (Contrary to the judge’s statement in his reasons for judgment, the pleadings of the appellants do not admit the parties in this proceedings to be the only heirs.)
*654 Further, plaintiff failed either to allege or to prove the domicile of the decedents at the time of their death, the status of the alleged heirs with respect to inheritance, taxes, the testacy or intestacy of the decedents, or that all the heirs have accepted the successions unconditionally. See Succession of Fontenot v. Demaret, 185 So.2d 861 (La.App. 3d Cir.1966).
Under the evidence in the record, we conclude plaintiff failed to show she is entitled to a partition at this time, as required by C.C.P. art. 3462. Accordingly, exercising our authority under LSA-C.C.P. art. 927, we notice on our own motion the plaintiff’s failure to disclose a cause of action under C.C.P. art. 3462. See Richmond v. Richmond, 229 So.2d 137 (La.App. 2d Cir.1969).
This failure was not cured by the trial judge’s examination of the actual records of the succession proceedings. Those records were never introduced into evidence in the partition proceeding, and they are not contained in the record of it. Nor are they matters of which he could take judicial notice. The trial judge erred by considering material outside the record in making his decision.
Our conclusion that partition was improper makes it unnecessary for us to address the question whether the property should have been partitioned in kind rather than by licitation.
For the foregoing reasons, the judgment of the district court ordering that the property described as follows:
“1. A certain lot of ground situated in the Parish of St. James, State of Louisiana, on the left bank of the Mississippi River, at a distance of about Sixty-two miles above the City of New Orleans, measuring about Three-fourths of an ar-pent front on said River by a depth of about Five arpents. On the upper line, at a distance of about Two Hundred Ten feet from the public road, the said lot of ground widens about one arpent and a half, bounded above and in the rear by land belonging to E.H. Duhme, and below by lands belonging to Louis LeBourgeois. Together with all the buildings and improvements on the said lot of ground and thereunto belonging, and all the rights, ways, privileges and appurtenances thereunto belonging or in anywise appertaining.
Being the same property acquired by Joseph B. Dornier from Alfred Plaisance by act before Edgard Grima, Notary Public, dated June 27,1904, recorded in the Conveyance Records of the Parish of St. James on July 2, 1904.
2. A certain lot of ground situated in the upper part of Model Farm Plantation, situated in the Parish of St. James, State of Louisiana, at about sixty-one miles above the City of New Orleans, measuring One Hundred Ten (110') feet in width, more or less, front on said river by a depth of Two Hundred Thirty-three and one-half (233V2') feet to be taken and measured from the public road, with the batture in front, and with all the buildings and improvements thereon and thereunto belonging and being bounded as follows: in the front by the Mississippi River, above by property of Mrs. Vincent Ory, in the rear by the Estate of Joseph B. Dornier and below by Estate of Joseph B. Dornier.
LESS AND EXCEPT:
Any and all land that may have been taken for the construction of the levee and River Road.
Being the same property acquired by Julie Dicharry Dornier from Henry B. Dornier by act before Lawrence J. Babin, Notary Public, dated June 22,1948, recorded in COB 86, folio 394 of the records of the Clerk and Recorder, Parish of St. James, Louisiana.”
be partitioned is reversed and set aside, and the case is remanded for further proceedings consistent with this opinion. Assessment of costs for this appeal is to await final determination on the merits.
REVERSED, SET ASIDE AND REMANDED.

. Appellants do not mention that the judicial sale has already taken place. Indeed, our research indicates that appellants likely could not have the sale annulled because they failed to take a suspensive appeal. See Guidry v. Cheramie, 354 So.2d 1280 (La.1977); Wetherbee v. Lodwick Lumber Co., 194 La. 352, 193 So. 671 (1940). We will not rule specifically on this question, however, because appellants have made no issue of it on appeal. Further, the sale of property to effect a partition is merely a preliminary step to the partition itself; in reality, the partition is the division of the proceeds from the sale of the property. Guidry v. Cheramie, supra.